## THOMAS J. PARTON *vs.* SUSAN HERVEY.

The age of consent in this commonwealth, as by the common law, is twelve in females, and fourteen in males; and a marriage between two infants above those ages is valid, without the consent of their parents or guardians, notwithstanding the Rev. Sts. *c.* 75 §§ 15, 19, which prohibit magistrates or ministers, under a penalty, from solemnizing the marriage of a female under the age of eighteen, or a male under the age of twenty one without the consent of the parent or guardian.

HABEAS CORPUS, issued on the petition of Thomas J. Parton, of Lynn in the county of Essex, in behalf of Sarah E. Parton, alleged in the petition to be the lawful wife of the petitioner, and to be deprived of her liberty and unlawfully detained from his custody by Susan Hervey, her mother.

Susan Hervey, having been summoned to appear and show the cause of the detention of said Sarah, appeared, and stated in writing that she had the said Sarah in her custody, until

taken from her by virtue of this writ of *habeas corpus;* that she had never imprisoned or in any manner unreasonably restrained or deprived her of her liberty, but had watched over and kept her as a mother ought; that Sarah was her daughter, and was of tender age, being only thirteen years old; and that Sarah's father long since deceased: that the petitioner clandestinely, without the knowledge of the respondent, enticed Sarah from her custody, and by deceit and fraud caused a marriage to be solemnized between himself and said Sarah; that said Sarah was of weak and disordered intellect, and therefore incapable of contracting a valid marriage; and that she had not attained to years of discretion or legal consent, and was not competent to enter into a marriage contract; and that the respondent had never given her consent to the marriage of Sarah with the petitioner: that the said marriage was therefore null and void, and could in no manner deprive the respondent of her full and rightful authority over said child, as her mother and natural guardian.

A hearing was had before *Bigelow,* J. when *A. C. Goodell* appeared for the petitioner, and *J. C. Stickney* for the respondent; and after consultation with the other judges, the following opinion was drawn up by

BIGELOW, J.   At the hearing of this cause, I was entirely satisfied by the testimony, that the marriage of the petitioner with the daughter of the respondent was not procured or solemnized clandestinely, or through fraud and deceit practised on the wife; but that she freely and willingly assented thereto, without undue influence or persuasion; that she was not of weak or impaired ntellect, but of competent understanding, and of the ordinary aegree of intelligence of persons of her age; and that the respondent had restrained her of her liberty against her will, and had prevented her by force from joining the petitioner and living with him as his wife.

Upon this state of facts, the only remaining question raised by the respondent is whether, under the laws of this commonwealth, a marriage by a female infant of the age of thirteen years is legal and valid, if had and solemnized with the free

Parton *v.* Hervey.

·assent of such infant, but without the knowledge or consent of her parent and guardian. This presents an interesting question, nearly affecting the most important of the domestic relations, upon which, being anxious to arrive at a satisfactory result, I have taken the opinion of the other members of the court.

By the common law, both in England and in this country, the age of consent is fixed at twelve in females, and fourteen in males. Contracts of marriage between infants, being both of the age of consent, if executed, are as binding as if made by adults. Co. Lit. 79 *b.* Reeve Dom. Rel. 236, 237. 20 Amer. Jurist, 275. 2 Kent Com. (6th ed.) 78. *Pool* v. *Pratt,* 1 Chip. 254. *The Governor* v. *Rector,* 10 Humph. 61. This rule, originally engrafted into the common from the civil law, (1 Bl. Com. 436; Macph. on Inf. 168, 169,) is undoubtedly an exception to the general principles regulating the contracts of infants ; and might, at first, seem to disregard the protection and restraint, with which the law seeks to surround and guard the inexperience and imprudence of infancy. But in regulating the intercourse of the sexes, by giving its highest sanctions to the contract of marriage, and rendering it, as far as possible, inviolable, the law looks, beyond the welfare of the individual and a class, to the general interests of society ; and seeks, in the exercise of a wise and sound policy, to chasten and refine this intercourse, and to guard against the manifold evils which would result from illicit cohabitation. With this view, in order to prevent fraudulent marriages, seduction and illegitimacy, the common law has fixed that period in life, when the sexual passions are usually first developed, as the one, when infants are deemed to be of the age of consent, and capable of entering into the contract of marriage.

But it is urged, that this rule of law is not in force in this commonwealth, because, by our statutes, ministers of the gospel and magistrates have always been prohibited, under a heavy penalty, from solemnizing marriages of males under twenty one years of age, or of females under eighteen years of age, without the consent of their parents or guardians. *St.* 7 Wm. 3, Anc. Chart. 285. *Sts.* 1786, *c.* 3, §§ 3, 5 ; 1834, *c.* 177, §§ 2, 4. Rev

Sts. *c.* 75, §§ 15, 19. *St.* 1853, *c.* 335, § 1. But the effect of these and similar statutes is not to render such marriages, when duly solemnized, void; although the statute provisions have not been complied with. They are intended as directory only upon ministers and magistrates, and to prevent, as far as possible, by penalties on them, the solemnization of marriages, when the prescribed conditions and formalities have not been fulfilled. But in the absence of any provision, declaring marriages, not celebrated in a prescribed manner, or between parties of certain ages, absolutely void, it is held that all marriages, regularly made according to the common law, are valid and binding, although had in violation of the specific regulations imposed by statute. 2 Kent Com. 90, 91. 2 Greenl. Ev. § 460. *Milford* v. *Worcester*, 7 Mass. 48. *Londonderry* v. *Chester*, 2 N. H. 268. *Hantz* v. *Sealy*, 6 Binn. 405. And such is the effect given to similar statutes in England. *The King* v. *Birmingham*, 8 B. & C. 29. *Catterall* v. *Sweetman*, 1 Robertson, 304. In the language of Parsons, C. J. " when a justice or minister shall solemnize a marriage between parties, who may lawfully marry, although without the consent of the parents or guardians, such marriage would unquestionably be lawful, although the officer would incur the penalty for a breach of his duty." 7 Mass. 54, 55.

That the age of consent, as fixed by the common law, is the rule in force in this commonwealth, is strongly implied from Rev. Sts. *c.* 76, § 2, by which it is enacted, that " a marriage, solemnized when either of the parties was under the age of consent, if they shall separate during such nonage, and shall not cohabit together afterwards, shall be deemed void, without any decree of divorce." There being no rule established by statute, fixing the age of consent, it is clear that the age of consent referred to in this section is that fixed by the common law. Such was manifestly the opinion of the learned commissioners, who revised the statutes of the Commonwealth; and with a view to change the law in this particular, they reported a provision fixing the age of consent at seventeen in males and fourteen in females. Report of Commissioners on Rev. Sts. *c.* 75,

§ 1, & *note.* This provision was stricken out by the legislature, thus affording strong proof that the rule of the common law was well understood, and required no change to adapt it to our condition and state of society.

Under these circumstances, we are all of opinion, that the marriage between these parties, both being of the age of consent, was valid and binding, although had and solemnized without the consent of the parent and guardian of the female; and there being sufficient proof of restraint of the wife by her mother, the respondent, the order must be, that she be discharged therefrom.