ADELE CAPLAN, Plaintiff, v. MILTON CAPLAN, Defendant.

Supreme Court, Special Term, Kings County, September 17, 1937.

*Elizabeth Stern*, for the plaintiff.

LOCKWOOD, J. This is an uncontested action to annul a purported marriage.

On October 11, 1935, the parties procured a marriage license from the city clerk in Brooklyn, N. Y. After the license was issued they requested the city clerk to marry them, but he said he was not able to do so. The plaintiff was nineteen years of age at the time.

In August, 1936, the plaintiff visited a farm near Accord, N. Y., where the defendant was employed. She, the defendant and another couple attended a party the evening of her arrival. At three o'clock the following morning she and the defendant went to the home of the local justice of the peace and asked him to marry them. He examined the license, and the plaintiff testified that although he stated: " I don't know; this thing doesn't look right to me," he performed the ceremony and duly certified thereto on the reverse of the license.

Plaintiff testified that the marriage was never consummated, and that she returned to her home the following day. The city clerk refused to file the marriage license and certificate in his records, giving as a reason for such refusal " because it is unlawful for a justice of the peace to marry anyone under the age of twenty-one years of age."

Chapter 606 of the Laws of 1933, in effect, prohibits common-law marriage in this State. Section 11 of the Domestic Relations Law, as amended by the aforesaid chapter, provides that " No marriage shall be valid unless solemnized by either." The statute then sets forth in subdivisions 1, 2 and 3 those empowered to perform a ceremonial marriage, and in subdivision 4 prescribes the manner of entering into a written contract of marriage. Subdivision 5 provides that, notwithstanding any other provisions of the article, a marriage shall be solemnized only by clergymen or certain officials, not including a justice of the peace, where either or both of the parties is under the age of twenty-one years.

Under the previous wording of the statute, " a marriage must be solemnized by either," certain persons there enumerated, the Court of Appeals in *Matter of Ziegler* v. *Cassidy's Sons* (220 N. Y. 98) held the provisions directory and not mandatory, " or as prescribing the essential requirements of a formal solemnization of a marriage such as may be necessary to secure the benefits of registry, etc., and will not be regarded as invalidating a form of marriage contract otherwise valid, in the absence of some provision expressly declaring or necessarily implying that result." The court further stated (at p. 104): " A statute may declare that no marriages shall be valid unless they are solemnized in a prescribed manner; but such an enactment is a very different thing from a law requiring all marriages to be entered into in the presence of a magistrate or a clergyman, or that it be preceded by a license, or publication of banns, or be attested by witnesses. Such formal provisions may be construed as merely directory, instead of being treated as destructive of a common-law right to form the marriage relation by words of present assent."

Reading section 11 of the Domestic Relations Law as a whole, it is apparent that no marriage is valid unless solemnized in the manner therein prescribed.

The purported marriage of the parties herein was not performed in accordance with the provisions of that section. It follows that it was no marriage at all, and the plaintiff is entitled to a judicial declaration thereof.