VERNA ANDREWS, by CLARA DUMENIGO, Her Guardian ad Litem, Plaintiff, *v.* CHARLES ANDREWS, Defendant.

Supreme Court, Orange County, December 30, 1937.

*Harold B. Abramson*, for the plaintiff.

ALDRICH, J.   This is an action by the plaintiff against the defendant for the annulment of their marriage.   The facts are undisputed. The plaintiff was born in Cuba on September 1, 1917.   She was

married to the defendant at the city of Middletown in the State of New York on April 20, 1936. She was, therefore, over the age of eighteen years at the time of the marriage. A marriage license was duly obtained prior to the ceremony. The mother of the plaintiff consented to the marriage and was present at the ceremony. The marriage was performed by the city judge of the City Court of the city of Middletown. The parties never cohabited after the ceremony. No other religious or civil ceremony was ever performed. As the plaintiff was over the age of legal consent at the time of the marriage by the city judge, the plaintiff does not claim any right to an annulment upon that ground. Her claim is based upon one specific contention, to wit, that the ceremony was not solemnized in accordance with section 11 of the Domestic Relations Law. That section is entitled " By whom a marriage must be solemnized," and in the introductory clause provided, " No marriage shall be valid unless solemnized by either," and then follows in subdivisions 1, 2 and 3 a description of certain persons authorized to perform such ceremonies, and in subdivision 4 a provision for a written contract with certain solemnity therein provided for. Subdivision 5 of that section provided as follows: " Notwithstanding any other provision of this article a marriage shall be solemnized only by those authorized in subdivision 1 of this section or by the mayor of a city or by a justice or a judge of a court of record, or by a justice of the Court of Special Sessions of the City of New York, or by a judge of a Children's Court, where either or both of the parties is under the age of twenty-one years."

The city judge was not one of the persons designated in subdivision 1 of the section, nor was he the mayor of a city or a justice of the Court of Special Sessions of the City of New York, or a judge of a Children's Court, nor was he, in legal effect, a justice or a judge of a court of record. It is true that section 3 of the act creating the City Court of the City of Middletown (Laws of 1926, chap. 559), as in force at the date of the ceremony, declared, " The City Court of the City of Middletown shall be a court of record." Such act was passed, and the court created after the adoption of article 6, section 18, of the State Constitution, which, as amended in 1925, provides that " no such inferior local court which has been created since the first day of January, one thousand eight hundred and ninety-five, or is hereafter created shall be a court of record." The constitutional prohibition prevented the City Court of the City of Middletown thereafter created from being a court of record in the constitutional sense of that term. This, however, is not necessarily decisive of the litigation. This court is of the opinion that the complaint must be dismissed for two reasons.

*First,* because of other provisions of the act establishing the City Court and creating the office of city judge of that court. By section 11 of chapter 559 of the Laws of 1926, above referred to, it was provided at the time in question as follows:

" § 11. Powers of city judge. The city judge shall have, within the city of Middletown, the powers of a justice of the Supreme Court at chambers, and all the powers which the county judge of Orange county has by law within said county. He shall also have the same jurisdiction and power as a justice of the peace of towns."

The County Court of Orange county is a court of record. (Judiciary Law, § 2.) The county judge of Orange county is, therefore, a judge of a court of record. He could perform such a ceremony. The Legislature had the right to specifically set forth in subdivision 5 of section 11 of the Domestic Relations Law that the city judge of the City Court of the City of Middletown could perform such a ceremony. It chose by the act of 1926 to say that the city judge should have, within the city of Middletown, all the powers which the county judge of Orange county had by law within said county. By virtue of that provision the city judge had the power to perform a marriage ceremony between minors or in which one of the contracting parties was a minor.

*Second,* because the invalidity of the marriage does not result from the provisions of subdivision 5 of section 11 of the Domestic Relations Law even though it be considered that the city judge in question was under the prohibition therein contained. Prior to 1933 (Laws of 1933, chap. 606) the opening paragraph of section 11 read, " The marriage must be solemnized by either." That provision did not invalidate marriages otherwise entered into and even common-law marriages were valid in this State. (*Cunningham* v. *Cunningham,* 206 N. Y. 341; *Matter of Ziegler* v. *Cassidy's Sons,* 220 id. 98; *Matter of Haffner,* 254 id. 238.) Nor did invalidity prior to the amendment of 1933 result from the prohibition contained in subdivision 5. (*Cunningham* v. *Cunningham,* 206 N. Y. 341; *Matter of Ziegler* v. *Cassidy's Sons,* 220 id. 98; *Parton* v. *Hervey,* 1 Gray [Mass.], 119; *Meister* v. *Moore,* 96 U. S. 76.) The change made in 1933, which made the introductory language of section 11 read that " no marriage shall be valid unless solemnized by either," had the legal effect of abolishing common-law marriages entered into after the effective date of that act. Leaving aside, for the moment, subdivision 5, it cannot be seriously urged that the marriage here would not be a compliance with section 11 as amended. The plaintiff concedes that the city judge in question had full legal power to perform marriage ceremonies in general. The invalidity, if any, must be predicated upon the subdivision 5. The amendment,

however, made no specific reference to that subdivision, and the change in the introductory language should be construed to relate only to the prior four subdivisions. In other words, the city judge was one of the persons authorized by the first three subdivisions to solemnize marriages. He had under those subdivisions general authority in that respect. Subdivision 5, that notwithstanding such general authority he should not solemnize particular marriages where infants were involved, should be construed in the same way as before the amendment of 1933. It is a prohibition upon the officer and does not affect the validity of the marriage. The confusion comes from the fact that subdivision 5 was tied on the end of section 11. If subdivision 5 were contained in a separate complete section, the distinction would be obvious. It would clearly appear that a marriage solemnized by a person authorized in section 11 would be a complete compliance with the statute and perfectly valid. The other section, in the light of the authorities, would stand merely as a prohibition upon the officer, the validity of a marriage performed by him in violation of the prohibition remaining unaffected. When the Legislature added subdivision 5 to old section 11, nothing in section 11, including subdivision 5, invalidated any marriage otherwise entered into. When the Legislature amended the introductory language, it intended to abolish common-law marriages, but it never intended to give the prohibitory subdivision 5 the effect of invalidating a marriage performed by a person generally authorized under the prior subdivisions.

For these reasons the complaint is dismissed. As stated, this is the only pleaded claim of invalidity. The evidence indicated upon the hearing, however, that the plaintiff may have a perfectly good cause of action for an annulment upon the ground of fraudulent concealment, etc. The evidence would suggest that the defendant never intended to go through more than the form of a marriage ceremony, that he purposed to abandon the plaintiff immediately thereafter and fraudulently concealed from her that he never intended to be a real husband in any sense of the word. The dismissal, therefore, will be without prejudice to such other action, if any, for an annulment as the plaintiff may desire to bring. The attorney for the plaintiff is requested to submit a judgment dismissing the complaint in accordance with this memorandum. The papers submitted are being forwarded to the Orange county clerk for filing.