ANONYMOUS, Petitioner, *v.* ANONYMOUS, Respondent.

Domestic Relations Court of New York, Family Court, New York County, July 24, 1941.

No appearances.

SHIENTAG (FLORENCE), J.   The petitioner has instituted this proceeding against the respondent seeking support for herself and her child.   Petitioner and respondent were married in New York city on January 5, 1940.   At that time the respondent was fifteen and one-half years old; he was born on June 25, 1924.   He obtained his marriage license by stating he was over twenty-one and no proof of age was required.   The petitioner is about three years older than the respondent.   The parties married because the petitioner was pregnant and the respondent wished his child to be legitimate.   The respondent altered the date of his baptismal certificate in the presence of and with the knowledge of the petitioner for presentation to the minister who married them.   The marriage ceremony was performed at the petitioner's mother's home.   There has been no cohabitation between the parties since the ceremony.

Section 15-a of the Domestic Relations Law provides that any marriage in which the man is under the age of sixteen years or the woman is under the age of fourteen years is prohibited.   A clerk who knowingly issues a marriage license in such circumstances is guilty of a misdemeanor.   The section, however, does not declare such marriage void.

No case has been brought to my attention construing this section which was enacted in 1926 and amended in 1927 and 1928.   I am of the opinion that a marriage in violation of the provision of section 15-a of the Domestic Relations Law is voidable, not void.   If the legislative intent had been to declare such a marriage void the

language of the statute would have been similar to that used in section 5 of the Domestic Relations Law which declares that incestuous marriages are void. So in section 6 of the same law, the Legislature specifically provided that certain other marriages were "absolutely void." At most it may be said that section 15-a is ambiguous and that being so, the ambiguity, in line with well-established public policy, should be resolved in favor of a construction that would render a prohibited marriage voidable rather than void.

Section 7 of the Domestic Relations Law, relating to voidable marriages, provides that a marriage is void from the time its nullity is declared by a court of competent jurisdiction if either party thereto:

" 1. Is under the age of legal consent, which is eighteen years, provided that such nonage shall not of itself constitute an absolute right to the annulment of such marriage, but such annulment shall be in the discretion of the court which shall take into consideration all the facts and circumstances surrounding such marriage."

No action for an annulment of the marriage has been instituted in the Supreme Court and, therefore, the present status of the relationship between the parties is that of husband and wife. Since the marital relationship now exists, this court has jurisdiction over the parties and may enter an order for the support of the wife and the child. In fact, the respondent does not deny his liability for the support of his child and states that he is willing to support her as soon as his means will permit. Although respondent has made sincere efforts to secure employment, he has not been successful. He is still under the age of eighteen and is not a citizen because his father has not yet received final citizenship papers. It appears unlikely that respondent will secure employment in the immediate future. In view of the respondent's financial condition, his lack of assets and his inability to secure employment, the proceeding is reserved generally with leave to the petitioner to renew in the event of a change in the respondent's economic condition. The petitioner's case is referred to the department of welfare for investigation and assistance.