Martin W. Deyo, J.
This is an uncontested action to annul a purported marriage. The parties secured a license from the City Clerk of Binghamton, New York, at which time the plaintiff gave his age as 21. They were subsequently married on January 9, 1943 by Stephen Mitchell, a Justice of the Peace of the Town of Dickinson, Broome County, New York. The plaintiff thereupon returned to military service, and the parties have not lived together since. It new develops that the plaintiff was actually only 18 years old at the time the license was secured and the ceremony performed, having been born March 4, 1924. The sole claim of invalidity is based upon noncompliance with *983 subdivision 5 of section 11 of the Domestic Relations Law, which lists the officials competent to perform a marriage ceremony where one or both of the parties is under 21. A Justice of the Peace is not included in this list. Upon reading the section as a whole, I conclude that no marriage is valid unless solemnized in the manner therein prescribed. Since the purported marriage in the instant case was not performed in accordance with the provisions of that section, it must follow that the ceremony had no validity, and that the plaintiff is, therefore, entitled to a judicial declaration that the ceremony was void. In reaching this conclusion, I am not unmindful of dictum to the contrary in Andrews v. Andrews (166 Misc. 297) and in an opinion of the Attorney-General (61 N. Y. St. Dept. Rep. 139). I prefer, however, to follow the reasoning of Lockwood, J., in Caplan v. Caplan (164 Misc. 379).
Decree granted.