Clifford H. Searl, J.
Plaintiff is a member of the Wacs, being in Syracuse on a temporary leave. Her husband, the defendant, is a member of the armed forces. Through a guardian ad litem, plaintiff seeks an annulment of a ceremonial marriage performed November 13, 1941, by a Justice of the Peace. Defendant appears also by an attorney and does not contest plaintiff’s claims, based (first) upon the ground that the ceremony was performed by a Justice of the Peace, who had no statutory authority to perform a marriage, either or both of the parties being at the time under the age of 21 years, and (secondly) upon the alleged ground of fraud.
As to the first ground alleged, there has been a decided difference of opinion as to the construction of section 11 of the *437 Domestic Relations Law. Suffice it to say that this section, re-enacted in 1933, apparently for the purpose of outlawing so-called common-law marriages, is entitled “ § 11. By whom a marriage must be solemnized. No marriage shall be valid unless solemnized by either:” then follows: “ 1. A clergyman or minister * * *. 2. A mayor, recorder, city magistrate, police justice or police magistrate of a city, or the city clerk * * *. 3. A justice or judge of a court of record, or of a municipal court, a police justice of a village, or a justice of the peace.”
Subdivision 5 provides: “ Notwithstanding any other provision of this article, a marriage shall be solemnized only by those authorized in subdivision one of this section (clergyman or minister) or by (1) the mayor of a city or by (2) a justice or a judge of a court of record, or by (3) a justice of the court of special sessions of the city of New York, or by (4) a justice of the domestic relations court of the city of New York, or by (5) a judge of a children’s court * * * where either of the parties is under the age of twenty-one years.”
Examining the above we find the general language at the beginning of the section stating that “ a marriage must be solemnized ” by a Justice of the Peace, among others qualified, and that “No marriage shall be valid unless solemnized” by one of such persons so qualified. Then after conferring this general authority, subdivision 5 appears, saying “ a marriage shall be solemnized only by” certain persons, among whom a Justice of the Peace is not included.
Instantly we ask ourselves, is subdivision 5 directory or mandatory? Is it notice to a Justice of the Peace that he shall not marry a couple having duly obtained the requisite license and one of whom is under 21 years of age, is it a direction to him or is it tantamount to saying that a -marriage performed under those circumstances is void or voidable?
In Caplan v. Caplan (164 Misc. 379 [1937]) the court held such a marriage was not valid and the plaintiff was entitled to a judicial declaration thereof. Later, in March, 1944, the court held likewise that such a ceremony had no validity. (De Martino v. De Martino, 46 N. Y. S. 2d 620.) Contrary holdings are found in Andrews v. Andrews (166 Misc. 297 [1937]) and in an informal opinion of the Attorney-General, 1939 (61 N. Y. St. Dept. Rep. 139).
As was pointed out in the Andrews case (supra), prior to the amendment of 1933, the initial paragraph of section 11 read: “ The marriage must be solemnized by either,” which included a Justice of the Peace. In the prior law there was no directory *438 language as included in present subdivision 5, in other words, a Justice of the Peace was not excluded from those authorized to perform marriages where either of the parties was under 21 years of age. When the amendment of 1933 (ch. 606) was inserted, the evident intent of the Legislature was thereby to abolish common-law marriages. General authority to solemnize marriages was clearly granted to a Justice of the Peace in the introductory language ‘ ‘ By whom a marriage must be solemnized ”, followed by the expression that “No marriage shall be valid unless solemnized by ’ ’ among others, a Justice of the Peace. The intent of this language, by direct inference, is that all marriages so performed are valid, with a direction in subdivision 5 that a Justice of the Peace shall not perform the ceremony where either party is under the age of 21 years.
Several good reasons appear that prompt such an interpretation. First, conceding' for the moment that the general introductory language of the section conflicts with that in subdivision 5, the principles of statutory construction are to the effect that a court should seek to avoid a conflict and should attempt to reconcile conflicting provisions. As stated in Crawford’s Statutory Construction at page 262: ‘1 Often, by considering the enactment in its entirety, what appears to be on its face a conflict may be cleared up and the provisions reconciled.”
Secondly, such “provisions” are reconciled by case law. Chief Judge Hiscock construed an earlier provision of section 11, in his opinion in Matter of Ziegler v. Cassidy’s Sons (220 N. Y. 98,103) to the effect that a somewhat similar provision to that contained in the instant subdivision 5 ‘ ‘ will be regarded as directory ”.
The third reason for holding the action of the Justice of the Peace valid is also compelling from the standpoint of the good of society. How simple it would be for a young man or woman, either being under 21 years of age, about to enter into the marriage contract, and who might be in doubt as to the final success of the venture, to insist on being married by a Justice of the Peace, knowing that such a ceremonial marriage was void, with the thought in mind that he or she could afterward apply for an annulment, when a whim or caprice might so prompt. Matrimonial causes already are much too numerous in our courts to countenance an attempt at trial marriage. Far better that the ceremonial marriage, except in rare cases, be performed by the spiritual advisor of the parties.
A final compelling reason for holding the contract valid is the status and welfare of after-born children, Although the provisions of section 1135 of our Civil Practice Act protect *439 infants so far as legitimacy of children is concerned, still as expressed in Cunningham v. Cunningham (206 N. Y. 341, 345), 11 It was the policy of the state to save such children from the taint of illegitimacy, and it was by reason of snch policy that the courts have held that statutes prohibiting such contracts were directory merely and that the contracts, therefore, were not void.”
For the foregoing reasons, a decree of annulment in the instant case must be denied on the ground of invalidity of the marriage because of the fact it was performed by a Justice of the Peace; however, the plaintiff has established a cause of action because of fraud practiced on the plaintiff through misrepresentation by the defendant as to good character when he had pied guilty to a felony of which plaintiff had no knowledge. Decree is granted accordingly.