Hyman Barshay, J.
The defendant moves to dismiss a bigamy indictment on the ground that, his present second marriage was void under subdivision 5 of section 11 of the Domestic Relations Law since it was performed by a Justice of the Peace when he, the defendant, was 19 years of age.
*338 An inspection of the Grand Jury minutes disclosed that the defendant’s marriage to Aud Irene Kvamli Heine on May 9, 1954, in the Norwegian Seaman’s Church in Brooklyn, N. Y., was never legally dissolved and was still a valid marriage when the defendant, at the age of 19 years, was married to Marie Licciardi on September 4,1955, in Stone Point, Rockland County, N. Y., by a Justice of the Peace.
Michael Montemarano testified that he arrested the defendant on July 3, 1958, and in a conversation had with the defendant, the latter admitted both marriages, on the dates, and at the places testified to by his respective wives; that he knew he committed bigamy.
The applicable portions of section 11 of the Domestic Relations Law, as amended by chapter 606 of the Laws of 1933, provide as follows: “ By whom a marriage must be solemnised. No marriage shall be valid unless solemnised by either-. 1. A clergyman or minister * * *. 2. A mayor, recorder, city magistrate, police justice or police magistrate of a city, or the city clerk * * *, 3. A justice or judge of a court of record, or of a municipal court, a police justice of a village, or a justice of the peace ” (italics ours).
Subdivision 5 provides: “Notwithstanding any other provision of this article, a marriage shall be solemnized only by those authorized in subdivision one of this section or by (1) the mayor of a city or by (2) a justice or a judge of a court of record, or by (3) a justice of the court of special sessions of the city of New York, or by (4) a justice of the domestic relations court of the city of New York, or by (5) a judge of a children’s court or of the city court of Buffalo where either of the parties is under the age of twenty one years.” (Italics supplied.)
If subdivision 5 is intended merely as a prohibition against a justice of the peace’s solemnizing a marriage where either or both of the parties is under 21 years of age, then the marriage is valid. Such a construction would necessitate the denial of this motion. If, however, the section is construed to mean that such a marriage, solemnized by the justice of the peace, is void, the motion to dismiss the indictment should be granted.
Research fails to disclose any criminal case on the identical issue involved herein or, an expression by a court of appellate jurisdiction in a civil case as to the validity or invalidity of a marriage performed by a justice of the peace where both or either of the parties is under the age of 21 years.
Prior to the amendment of 1933, section 11 was entitled ‘‘By whom a marriage must be solemnised ” and provided that “ The marriage must be solemnised by either ” certain persons there
*339 enumerated including clergymen, municipal officials, judicial officers, or by a written contract of marriage, executed, witnessed and filed as provided.
In discussing whether the statute, because it employed the word ‘ ‘ must ’ ’ was mandatory or directory, Chief Judge Hiscook, of the Court of Appeals, in Matter of Ziegler v. Cassidy’s Sons (220 N. Y. 98) at page 103, stated “ I think that the great weight of authority is to the effect that such a statute will be regarded as directory or as prescribing the essential requirements of a formal solemnization of a marriage such as may be necessary to secure the benefits of registry, etc., and will not be regarded as invalidating a form of marriage contract otherwise valid, in the absence of some provision expressly declaring or necessarily implying that result.” Further, at page 104, Judge Hiscook quotes from Meister v. Moore (96 U. S. 76, 78) “ ‘ * * * A statute may declare that no marriages shall be valid unless they are solemnised in a prescribed manner; but such an enactment is a very different thing from a law requiring all marriages to be entered into in the presence of a magistrate or a .clergyman, or that it be preceded by a license, or publication of banns, or be attested by witnesses. Such formal provisions may be construed as merely directory, instead of being treated as destructive of a common-law right to form the marriage relation by words of present assent.’ ” (Italics supplied.)
Subdivision 5 of section'll of the Domestic Relation Law as presently enacted, renders invalid marriage performed by a justice of the peace where either or both parties are under 21 years of age. Since the amendment of this section in 1933, (L. 1933, ch. 606) there has been a difference of opinion as to its construction. In Caplan v. Caplan (164 Misc. 379) and in De Martino v. De Martino (46 N. Y. S. 2d 620), the provisions of section 11 were held to be mandatory; while in Andrews v. Andrews (166 Misc. 297) and in Graves v. Graves (52 N. Y. S. 2d 622) we find contrary holdings. The defendant, in support of his contention that his second marriage is invalid relies on the holding in the Caplan and De Martino cases. In Caplan v. Caplan (supra) the plaintiff brought suit to annul her marriage on the ground that she was 19 years old when it was performed by a Justice of the Peace. The City Clerk refused to file the marriage license and certificate because “ it is unlawful for a justice of the peace to marry anyone under the age of twenty-one years ”. The court held (p. 381) that “ Reading section 11 of the Domestic Relations Law as a whole, it is apparent that no marriage is valid unless solemnized in the manner therein prescribed. The *340 purported marriage of the parties herein was not performed in accordance with the provisions of that section. It follows that it was no marriage at all, and the plaintiff is entitled to a judicial declaration thereof ”.
In De Martino v. De Martino (supra; an uncontested action to annul a purported marriage), when the parties secured a license from the City Clerk of Binghamton, N. Y., the plaintiff falsely gave his age as 21 years. They were subsequently married by a Justice of the Peace of the Town of Dickinson, Broome County, N. Y., after which the plaintiff returned to military service. The parties did not live together thereafter. At the time the license was issued and the marriage performed, the plaintiff was actually only 18 years of age. The sole claim of invalidity was based on noncompliance with subdivision 5 of section 11 of the Domestic Relations Law. The court granted a decree of annulment and stated as follows (p. 621): Cl Upon reading the section as a whole, I conclude that no marriage is valid unless solemnized in the manner therein prescribed. Since the purported marriage in the instant case was not performed in accordance with the provisions of that section, it must follow that the ceremony had no validity, and that thé plaintiff is, therefore, entitled to a judicial declaration that the ceremony was void. In reaching this conclusion, I am not unmindful of dictum to the contrary in Andrews v. Andrews, 166 Misc. 297,1 N. Y. S. 2d 760, and in an opinion of the Attorney Greneral, 61 State Dep’t. Repts. 139. I prefer, however, to follow the reasoning of Lockwood, J., in Caplan v. Caplan, 164 Misc. 379, 300 N. Y. S. 43.”
We now turn our attention to Andrews v. Andrews (supra) and Graves v. Graves (supra). In the Andrews case, an action was brought for the annulment of the marriage on the ground that the ceremony was not solemnized in accordance with subdivision 5 of section 11 of the Domestic Relations Law. It appears that at the time the ceremony was performed by the City Judge of the City Court of Middletown, N. Y., the plaintiff was under the age of 21 years. The parties never cohabited and no other religious or civil ceremony was performed. In dismissing the complaint, the court held that while the City Court of Middletown is not a court of record, the act which established the City Court and created the office of City Judge of that court provides that he shall have, within the City of Middletown, the powers of a Justice of the Supreme Court, at chambers, and all the powérs which the County Judge of Orange County has by law within said county. The County Court of Orange County *341 is a court of record (Judiciary Law, § 2) and the County Judge is, therefore, a Judge of a court of record. “ By virtue of that provision, the city judge had the power to perforin a marriage between minors or in which one of the contracting parties was a minor ” (p. 299). The court stated (p. 300) that under the first three subdivisions of section 11, the City Judge was one of the persons authorized to solemnize marriages. The prohibition contained in subdivision 5 of section 11 is “ upon the officer and does not affect the validity of the marriage * * * When the Legislature added subdivision 5 to old section 11, nothing in section 11, including subdivision 5, invalidated any marriage otherwise entered into. When the Legislature amended the introductory language, it intended to abolish common-law marriages, but it never intended to give the prohibitory subdivision 5 the effect of invalidating a marriage performed by a person generally authorized under the prior subdivisions.”
In Graves v. Graves (supra; an uncontested action for annulment), one of the grounds urged by plaintiff was that the Justice of the Peace who performed the ceremony had no statutory authority to do so. In denying the decree of annulment upon that ground, the court stated, at pages 623-624: ‘ ‘ General authority to solemnize marriages was clearly granted to a justice of the peace in the introductory language [of § 11] 1 By whom a marriage must be solemnized,’ followed by the expression that 1 No marriage shall be valid unless solemnized by * * *,’ among others, a justice of the peace. The intent of this language, by direct inference, is that all marriages so performed are valid, with a direction in subdivision 5 that a justice of the peace ishall not perform the ceremony where either party is under the age of twenty-one years.”
I am inclined toward the reasoning and logic of Caplan v. Caplan (supra) and De Martino v. De Martino (supra) and, accordingly, grant the motion to dismiss the indictment.
Submit order.