THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ARTHUR HEINE, Respondent.

Second Department, December 5, 1960.

*Edward S. Silver*, District Attorney (*David Diamond* of counsel), for appellant.

*Irving Figowitz* and *Sidney M. Peddy* for respondent.

BELDOCK, J. On May 9, 1954, defendant, then almost 18 years old, was married by a minister to Aud Kvamli in Brooklyn. That marriage was never dissolved. On September 4, 1955, defendant, then 19 years and 2 months old, was married to Marie Licciardi by a Justice of the Peace in the Town of Stony Point, Rockland County, New York.

Defendant was arrested on July 3, 1958, in Kings County, for the crime of bigamy, for which crime he was indicted on November 26, 1958. Thereafter defendant moved orally to dismiss the indictment on the ground that the evidence before the Grand Jury on which it is founded is legally insufficient to constitute the crime of bigamy.

The County Judge granted the motion, holding that defendant's second marriage is void because: (a) defendant was then 19 years old; and (b) such marriage was performed by a Justice of the Peace who is without authority to perform a marriage where one of the parties thereto is under the age of 21. The People appeal from such determination.

Before 1933, section 11 of the Domestic Relations Law provided that: "The marriage must be solemnized by either: 1. A clergyman * * * 2. A mayor * * * 3. A justice

\* \* \* or a justice of the peace; \* \* \* or, 4. A written contract of marriage signed by both parties \* \* \*." In *Matter of Ziegler* v. *Cassidy's Sons* (220 N. Y. 98) it was held that the words "must be solemnized" in the foregoing statute are merely directory and not mandatory, and that a marriage good at common law is good under the statute because the statute did not contain express words of nullity.

By chapter 547 of the Laws of 1927, subdivision 5 of section 11 of the Domestic Relations Law (which had been added by L. 1926, ch. 590) was amended to read as it does in its present form: "5. Notwithstanding any other provision of this article a marriage shall be solemnized only by those authorized in subdivision one of this section \* \* \* where either or both of the parties is under the age of twenty-one years." Since a Justice of the Peace is authorized to solemnize marriages only by subdivision 3 of section 11, the effect of the 1927 amendment (which has been continued to the present) is to take away from a Justice of the Peace authority to solemnize a marriage where either party is under the age of 21.

By chapter 606 of the Laws of 1933, section 11 of the Domestic Relations Law was amended to change the opening words to read: "No marriage shall be valid unless solemnized by either". The five subdivisions which follow are the same as before the amendment.

The County Judge was of the opinion that under the provisions of the present section 11, no marriage is valid unless solemnized in the manner therein prescribed, and that the purported marriage of the parties by the Justice of the Peace was not a marriage because it was not performed in accordance with the provisions of the section. (*Caplan* v. *Caplan*, 164 Misc. 379; *De Martino* v. *De Martino*, 46 N. Y. S. 2d 620.)

In my opinion, the only effect of the 1933 amendment to section 11 was to abolish common-law marriages. (*Andrews* v. *Andrews*, 166 Misc. 297; *Graves* v. *Graves*, 52 N. Y. S. 2d 622.) The change in the introductory language relates only to the first four subdivisions of the section. Before the 1933 amendment the Court of Appeals held that the language that "The marriage must be solemnized" was directory only. (*Matter of Ziegler* v. *Cassidy's Sons*, 220 N. Y. 98, *supra.*) The words "shall be solemnized" in subdivision 5 are similar to the words "must be solemnized" in former section 11 and require a holding that the language of subdivision 5 is also directory. The prohibition contained in subdivision 5 is merely on the officer, who may have incurred a penalty for solemnizing this marriage (see, e.g., Domestic Relations Law, § 17); but by the 1933 amend-

ment the Legislature did not intend to invalidate a marriage performed in violation thereof.

This defendant and Miss Licciardi could have lawfully married, except for the fact that defendant was then a married man. A Justice of the Peace has authority to solemnize marriages generally. There is no provision in the statute declaring that a marriage between persons under 21, which was not solemnized by the officers mentioned in subdivision 5, is void.

In *Parton* v. *Hervey* (67 Mass. 119) an authorized person solemnized the marriage of a 13-year-old girl to petitioner, without the consent of the girl's parents or guardian. The Massachusetts statutes prohibited ministers and magistrates from solemnizing marriages of females under 18 without the consent of their parents or guardian. The court held that the marriage was valid, although there had not been compliance with the statutory provisions.

In *Knapp* v. *Knapp* (149 Md. 263), Maryland law required a religious ceremony to validate a marriage. The marriage was performed by a person not an ordained minister, but whom the parties believed authorized to solemnize marriages. The court held that the marriage was valid.

In *Trammel* v. *Trammel* (357 Ill. 113) a Justice of the Peace performed a marriage ceremony after moving his residence from the precinct in which he had been elected to office. The Justice of the Peace had no authority in the new precinct. It was held that, although the Justice of the Peace had performed the marriage after his actual authority had apparently ceased to exist, the act could not be questioned.

A result other than the one recommended is not only legally incorrect, but socially undesirable. To hold this marriage void is to countenance attempts at trial marriages (*Graves* v. *Graves,* 52 N. Y. S. 2d 622, *supra*) ; to facilitate meretricious relationships between young people; to permit innocent youngsters to become victims of wily schemers; and to bastardize children.

The order dismissing the indictment should be reversed on the law, the indictment reinstated and the motion denied.

NOLAN, P. J., KLEINFELD, CHRIST and PETTE, JJ., concur.

Order of the County Court, Kings County, dated July 8, 1959, granting defendant's oral motion to dismiss the indictment charging him with the crime of bigamy, on the ground that the evidence before the Grand Jury on which the indictment is founded is legally insufficient to constitute the crime, reversed on the law, indictment reinstated and the motion denied. No findings or questions of fact have been considered.