Foster, J. (dissenting).
On this appeal, here by permission, we are asked to construe subdivision 5 of section 11 of the Domestic Relations Law. The pertinent parts of section 11, entitled ‘ ‘ By whom a marriage must be solemnized ’ ’, provide *927 that “No marriage shall be valid unless solemnized by either:” (1) a clergyman or minister, (2) a Mayor, Recorder, City Magistrate, Police Justice, Police Magistrate of a city, or the City Clerk, (3) a Justice or Judge of a court of record or of a municipal court, a Police Justice of a village, or a Justice of the Peace, or (4) a written contract of marriage signed by both parties and at least two witnesses, and acknowledged before a Judge of a court of record.
Subdivision 5 then provides: “Notwithstanding any other provision of this article, a marriage shall be solemnized only by those authorized in subdivision one of this section ” and by certain others, not including Justices of the Peace, “ where either of the parties is under the age of twenty-one years.”
Defendant was indicted by a Grand Jury in and for the County of Kings for the crime of bigamy (Penal Law, § 340). The evidence before the Grand Jury revealed that on May 9, 1954 defendant, then less than 18 years of age, married one And Kvamli, before a minister in Brooklyn, New York. On September 4, 1955 defendant, then 19 years of age, married Marie Licciardi, before a Justice of the Peace in the Town of Stony Point, Rockland County, New York. His prior marriage never legally had been terminated.
Defendant moved in County Court to dismiss the indictment on the ground that the second marriage alleged in the indictment was void under subdivision 5 of section 11 of the Domestic Relations Law in that it was performed by a Justice of the Peace. The County Court, upon an inspection of the minutes of the Grand Jury, sustained the motion and dismissed the indictment. The Appellate Division, Second Department, unanimously reversed on the law, reinstated the indictment, and denied the motion to dismiss. Defendant appeals to this court by permission.
The County Court held that subdivision 5 of section 11 rendered absolutely invalid the purported marriage of the minor before a Justice of the Peace and, hence, that no bigamy was committed. The Appellate Division held that the section merely is directory; that ‘ ‘ the Legislature did not intend to invalidate a marriage performed in violation thereof ’ ’; and that the only effect of the violation was that the Justice of the Peace 1 ‘ may have incurred a penalty ’ ’ for solemnizing the marriage (see, e.g., Domestic Relations Law, § 17).
*928 In our view, the construction of the County Court was proper and the second marriage alleged in the indictment was invalid.
Prior to 1933 section 11 provided that a marriage “ must be solemnized ” by any of certain specified officials or by a written contract. In Matter of Ziegler v. Cassidy’s Sons (220 N. Y. 98) we held that that statute was directory only, and not mandatory; that a marriage valid at common law was valid under the statute; and that the statute could not be construed to invalidate a marriage contract otherwise valid “ in the absence of some provision expressly declaring or necessarily implying that result ” (220 N. Y. 103; emphasis supplied). We there (p. 104) distinguished section 11, as it then existed, from a statute declaring “ ‘ that no marriages shall be valid unless they are solemnized in a prescribed manner ’ ”.
In 1933 section IT of the Domestic Relations Law was amended (L. 1933, ch. 606) to change the opening words to “ No marriage shall be valid unless solemnized by either ”. The authorized officials remained unchanged. That precise opening language has remained in the statute, and is found, unchanged, in section 11 in its present form.
Subdivision 5, of course, expressly states that “ Notwithstanding any other provision of this article, a marriage shall be solemnized only” by certain officials where “ either of the parties is under the age of twenty-one years.” A Justice of the Peace is not included in those specified. Under the plain meaning of the statute, the “marriage” thus performed is invalid. The introductory clause to the section, invalidating marriages not solemnized according to the provisions of section 11, may not arbitrarily be limited to apply only to subdivisions 1 through 4 of the statute. Marriages not solemnized in accordance with subdivision 5 are equally'invalid.
It is true that there is authority to the effect that the 1933 amendment was intended only to abolish common-law marriages in this State and not to invalidate marriages of minors before Justices of the Peace (Andrews v. Andrews, 166 Misc. 297; Graves v. Graves, 27 Misc 2d 436; 1939 Atty. Gen. [Inf.], 61 N. Y. St. Dept. Rep. 139). But the unambiguous language adopted by the Legislature invalidates all marriages not solemnized pursuant to section 11, and does not limit the invalidity to common-law marriages. This view also has support in the decisions of various lower courts (Caplan v. Caplan, 164 Misc. 379; De Martino v. De Martino, 27 Misc 2d 982).
*929 The Appellate Division, in finding valid the second marriage of the defendant, said "A result other than the one recom-. mended is * * * socially undesirable. To hold this marriage void is to countenance attempts at trial marriages * # *; to facilitate meretricious relationships between young people; to permit innocent youngsters to become victims of wily schemers; and to bastardize children.”
We sympathize with those views, but we are not empowered to depart from the obvious meaning ,of the statutory mandate. If social harm results from legislation as it now exists, it is a problem for the Legislature. “ Courts are not supposed to legislate under the guise of interpretation, and in the long run it is better to adhere closely to this principle and leave it to the Legislature to correct evils if any exist. If harm has been done * * * there is nothing about it that cannot be corrected by the Legislature.” (Bright Homes v. Wright, 8 N Y 2d 157,162.)
Indeed, the Legislature tacitly has recognized the legal infirmity of marriages of minors by Justices of the Peace, and has ‘ ‘ legalized and confirmed and made effectual and valid ” such marriages performed subsequent to April 23, 1933, and prior to March 12, 1945 (L. 1945, eh. 132, eff. March 12, 1945). Research reveals no legislation validating such marriages subsequent to that time. It seems appropriate to point out that the Legislature would scarcely have validated marriages it already deemed valid.
The order appealed from should be reversed and the order of the County Court dismissing the indictment should be reinstated.
Order affirmed, etc.