OPINION OF THE COURT
Seymour Boyers, J.
In this action to declare section 79-a of the Civil Rights Law unconstitutional, plaintiffs move for a declaratory judgment pursuant to CPLR 3001 directing the defendants to allow plantiffs to be married.
Plaintiff Karen Muessman is presently serving a sentence of three years to life upon her conviction of a class A-III felony. The plaintiffs, who had lived together prior to the conviction, requested permission to marry from the Superintendent of the Bedford Hills Correctional Facility, the institution where Ms. Muessman is serving her life sentence. This request was forwarded to the authorized officials of the Department of Corrections who determined that the request could not be granted pursuant to section 79-a of the Civil Rights Law.
Plaintiffs contend that the right to marry is fundamental and may not be denied without a showing by the State that such a restriction is necessary to promote a compelling State interest. While raising this argument, the plaintiffs concede that the regulation of marriage is a sovereign function delegated to the States. (Loving v Virginia, 388 US 1.) As was stated by the Court of Appeals in People v Allen (27 NY2d 108, 113): ”[I]t is unassailable that in its broad powers to regulate society, the State has the power to set standards and procedures to control such a basic institution as marriage. (See (People v. Heine, 12 AD 2d 36, affd. 9 NY 2d 925).”
The assertion by plaintiffs that such a restriction as imposed by section 79-a of the Civil Rights Law must have a compelling State interest appears to the court to be without merit. The Court of Appeals in Defiance Milk Prods. Co. v Du Mond (309 NY 537, 540, 541) stated: "Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions (Borden’s Co. v. Bald *480 win, 293 U. S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends (United States v. Carolene Products Co., 304 U. S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature (Olsen v. Nebraska, 313 U. S. 236, 246). Courts strike down statutes only as a last resort (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367) and only when unconstitutionality is shown beyond a reasonable doubt (Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 79, Matter of Fay, 291 N. Y. 198, 206, 207).”
The Court of Appeals further stated in People v Friedman (302 NY 75, 79): "We are bound to construe statutes as we find them and may not sit in review of the discretion of the Legislature or determine the expediency, wisdom or propriety of its action on matters within its powers (Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634, 639; Matter of Russo v. Valentine, 294 N. Y. 338).”
Plaintiffs further contend that hinging the exercise of the right to marry on a prisoner’s status as a "lifer”, the Civil Rights Law violates the equal protection guarantees of section 11 of article I of the New York State Constitution, and the Fourteenth Amendment of the United States Constitution.
It is well established that the equal protection clause of the New York State Constitution (art I, § 11) does not require identity of treatment. (See Matter of Dorn "HH” v Lawrence "II” (31 NY2d 154, 158), where the Court of Appeals said: "It is fundamental, of course, that the Legislature may classify persons for purposes of legislation without infringement of the equal protection guarantee and that its discretion in this regard is broad and will not be disturbed if any state of facts can reasonably be conceived to sustain its classification (Matter of 436 W. 34th St. Corp. v. McGoldrick, 288 N. Y. 346, 350, mot. for rearg. den. 289 N. Y. 673; Shielcrawt v. Moffett, 49 N. Y. S. 2d 64, 76, affd. 268 App. Div. 352 revd. on other grounds 294 N. Y. 180, mot. for rearg. den. 294 N. Y. 840; New York R. T. Corp. v. City of New York, 303 U. S. 573) or even if the classification be fairly debatable (Matter of Presnell v. Leslie, 3 NY 2d 384, 390, mot. for rearg. den. 4 NY 1046), provided only it shall not be palpably arbitrary (New York ex rel. Bryant v. Zimmerman, 278 U. S. 63).”
The statute in question was challenged and sustained in the factually similar case of Johnson v Rockefeller (365 F Supp 377, affd sub nom. Butler v Wilson, 415 US 953).
*481 The court in Johnson v Rockefeller (supra), in rejecting petitioner’s equal protection claims, stated in footnote 3 at page 381: "We find nothing unconstitutional in the policy apparently pursued by the state’s Commissioner of Correctional Services which, under certain circumstances, allows prisoners serving less than life terms to marry. Nor does this discretionary policy render the total ban (as applied to lifers) of § 79-a unconstitutional. The fact that the state has provided less severe punishment for less serious crime does not invalidate its continued ban on marriage as an additional punishment for crimes of the most serious nature.” It appears that the Federal court recognized the State’s interest in regulating the question of marriage and found, under the circumstances, that the statute did not constitute the denial of equal protection.
Likewise, the statute does not constitute cruel and unusual punishment as contended by plaintiffs.
The courts have made clear that when a prisoner has been convicted pursuant to a trial in which full due process safeguards have been accorded, incarceration is not the only consequence which can be lawfully imposed following sentence. (See, e.g., Johnson v Rockefeller, affd sub nom. Butler v Wilson, supra; Linehan v Waterfront Comm., 116 F Supp. 683, affd 347 US 439, reh den 347 US 994; United States v Miss Smart Frocks, 279 F Supp 295, 299.)
As further expressed by the court in Johnson v Rockefeller (365 F Supp 377, 381, supra):, "The prohibition against participating in the marriage ceremony does not subject a life-term prisoner to a 'fate forbidden by the principle of civilized treatment guaranteed by the Eighth Amendment,’ Trop v. Dulles, 356 U.S. 86, 99, 78 S.Ct. 590, 597, 2 L.Ed.2d 630 (1958), not is it 'barbarous’ or 'shocking to the conscience,’ Sostre v. McGinnis, 442 F.2d 178, 191 (2d Cir. 1971) (en banc), 3 cert, denied, 404 U.S. 1049.”
Plaintiffs strongly urge the court to consider that since the time of the Johnson decision the New York State Department of Correctional Services has changed its policy with regard to conjugal visits. This fact alone does not mandate a different result. As noted in the Johnson decision, aspects of the marriage relationship include not only sexual intercourse but also cohabitation and the begetting and raising of children. (Johnson v Rockefeller, 365 F Supp 377, 380, supra.) Certainly, cohabitation is fraught with problems and the State has a *482 legitimate interest in controlling the birth of children to life prisoners.
It would appear that the only recourse for the plaintiffs is legislative change.
Accordingly, the court finds that the plaintiffs have failed to meet the burden of establishing the unconstitutionality of section 79-a of the Civil Rights Law and grants the motion of the defendant dismissing the complaint pursuant to CPLR 3211 (subd [a], par 7).