## Mallon, Appellant, *v.* Mallon.

*Annulment of marriage—Act of April 14, 1859 P. L. 647—Innocent or injured party.*

In a proceeding to have a marriage declared void under the Act of April 14, 1859 P. L. 647 it appeared that the libellant and respondent were married in Arizona after an interlocutory decree of divorce in favor of the respondent was entered in California, but before the final decree. It further appeared that the libellant knew the history of the respondent and was aware of every fact which affected her status as a married woman or a woman free to marry.

Under such circumstances the libel was properly dismissed.

A person who marries another knowing at the time that the latter has a husband or wife living, is not an "innocent or injured party" within the meaning of the Act of April 14, 1859 P. L. 647.

Argued October 13, 1925. Appeal No. 9, October T., 1925, by libellant from decree of C. P. No. 2 Philadelphia County, December T., 1923, No. 143, dismissing libel in the case of J. Darrah Mallon v. Maud Mallon. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition to have marriage declared null and void under the Act of April 14, 1859 P. L. 647. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

The libel was dismissed. Libellant appealed.

*Error assigned* was, among others, the dismissal of libellant's exceptions to the Master's report.

*J. Morris Yeakle,* for appellant.

*Arthur E. Hutchinson,* of *MacCoy, Evans, Hutchinson and Lewis,* for appellee.

OPINION BY PORTER, J., December 14, 1925:

This is a proceeding under the Act of April 14, 1859, P. L. 647, in which the appellant seeks to have declared void his marriage to the respondent, contracted in Arizona in 1918, for the reason that the respondent had a husband living at the time. The authority conferred upon the courts to declare such a marriage null and void is to be exercised only, under the express provisions of the statute, "upon the application of an innocent or injured party." The court below dismissed the libel and the appeal is by the libellant.

The libellant and respondent were, in 1918, domiciled in California. The appellant knew that the respondent was then the wife of one David Clark, who had deserted her several years previously. He proposed that she should procure a divorce and that they be married, to which she assented, and the appellant furnished the money to pay the cost and expenses of the proceeding. The application for divorce was filed, in March 1918, in the Superior Court of California. A short time thereafter appellant moved his residence to Phoenix, Arizona, and was there employed. On August 23, 1918, an interlocutory decree of divorce in favor of the respondent was entered by the California court, and respondent notified libellant of the fact by

telegraph. Libellant then secured a marriage license in Phoenix, Arizona, and arranged for the respondent to come to Arizona and marry him. Upon the arrival of the respondent they were married, on August 25, 1918, at Phoenix. The parties lived as husband and wife for eleven months in Arizona. They then removed to the state of California. On September 25, 1919, while the parties were living in Los Angeles, the Superior Court of California entered the final decree of divorce in the action which the respondent had instituted against her first husband. The parties continued to reside together in California without any other ceremony of marriage until the fall of 1920, when they both came to Pennsylvania to take up their residence. Becoming domiciled in Philadelphia they lived as husband and wife until a short time before the libel was filed in the present proceeding. The contention of the libellant is that the respondent was the wife of David Clark after the entry of the interlocutory decree, in August, 1918, and so continued until the entry of the final decree in September, 1919, and that the marriage in Arizona was, therefore, void. Even if the Arizona marriage was void, which we are not called upon to decide, the question arises, was this libellant "an innocent or injured party?"

These parties were domiciled in California; they invoked the law of that state to remove the obstacle to their marriage, by decreeing the divorce of the respondent from David Clark. They are presumed to have known the requirements of the law of their domicile and which they thus invoked. If the entry of the interlocutory decree rendered the respondent free to marry, then the Arizona marriage was valid. If, on the other hand, the law required that a year must intervene between the entry of the interlocutory decree and the entry of the final one, before the marriage relation between the respondent and David Clark was

dissolved, these parties are presumed to have known that such was the law. We have read with care the testimony of the libellant and that of the respondent and are convinced that they each believed that the marriage relation between the respondent and David Clark was not dissolved by the entry of the interlocutory decree, and that they could not at that time lawfully be married in the state of California. The respondent testified that the libellant knew what the effect of the interlocutory decree was, but that he said he could not get along without her and that their marriage would be legal while they were in Arizona, and if they ever went back to California they would remarry. The libellant testified that when he saw the final decree, in September 1919, he thought the effect must be that "I was not married to her; that was the only effect that I could see." Yet, knowing all this, the libellant continued to cohabit with the respondent as man and wife, in California, until the fall of 1920, when they came to Pennsylvania and here continued to live as man and wife. There is in this case no misrepresentation or concealment of fact by the respondent or any other person. The libellant knew the history of the respondent and was aware of every fact which affected her status as a married woman or a woman free to marry. He was not an "innocent or injured party," within the meaning of the statute, and the court did not err in dismissing the libel. We do not deem it proper to consider whether these parties lawfully became man and wife, because of anything that occurred after the final decree of divorce was entered by the court in California. "A person who marries another knowing at the time that the latter has a husband or wife living, is not an 'innocent or injured party' within the meaning of the Act;" Baker v. Baker, 84 Pa. Superior Ct. 545.

The decree is affirmed and the appeal is dismissed at cost of appellant.