## In the Matter of KING KEMP.

Domestic Relations Court of the City of New York, Children's Court, New York County, April 23, 1948.

*Benjamin Cooper*, Clerk of Court, an attorney, assigned to act for the child.

PANKEN, J. Subdivision 1 of section 61 of the Domestic Relations Court Act of the City of New York provides: " The children's court in each county shall have exclusive original jurisdiction within such county to hear and determine all cases or proceedings involving the hearing, trial, parole, probation, remand or commitment of children actually or apparently under the age of sixteen years ''.

Apparently this boy looks to be more than sixteen years of age. His mother testified that he was born on the 29th of July, 1932, and so his age is at this time fifteen years. The court has jurisdiction in the matter. That the court has despite the fact that by reason of falsification as to his age, concurred in insofar as the falsification is concerned by his own mother, he is now a married man. The fact that a child gets married does not oust this court of jurisdiction. It is conceivable that in response to some stupidity a mother may barter away the life of a child, girl or boy, at the age of eleven or twelve or thirteen by the process of marrying the child off. That does not deprive the court of jurisdiction over that child. Marriage does not emancipate. It does nothing to the age of the person who entered into the marriage relationship. If the person is under the age of sixteen, he continues to be under the age of sixteen, even though he may be the father or she the mother of two or three children, which, to my sorrow, is a fact once in awhile. In this case, fortunately, there is only one child.

This case presents a unique situation. I have been on this bench for many years, and there are people in the court who have been in this court for many more years than I have been. For the first time in the history of the court insofar as I have been able to ascertain, a wife makes a petition charging her child-husband with delinquency. Maybe some wives who are a little older than this girl is and who may be married to men, not boys like this boy is, would like to have the right to bring charges of delinquency against their husbands. That, wives have the right to do under our law. An offense against a wife does not excuse the husband from the offense. She has recourse to the courts to redress the grievance which had been inflicted upon her by her husband, so that when a husband commits a crime against his own wife, his wife may obtain an indictment, his wife may see him punished or may see him sent to prison. Marriage does not excuse anybody from treating a consort in a decent, lawful, legal, upright fashion.

Maybe in discussing this situation I am giving too much dignity to this child, who is a married man. He is not only a child chronologically but is a baby emotionally and mentally, with no sense of responsibility, no emotional growth and no emotional maturity. He is a child who responded to an urge purely animalistic, physical in character, and impregnated the girl, and thus, because of the ignorance of parents, these two children by reason of falsification were tied to one another.

There is an old saying, " The proof of the pudding is in the eating.'' The consequences of this marriage are apparent — parties of children, the cost footed by the welfare department, little girls and little boys brought into the home of so-called grown-up married people, who are really, mentally, children and chronologically not much older than children. The act of this child was childish. Only a child gets into a tantrum and breaks chairs, providing he has strength enough to break chairs; otherwise, a child might break a saucer or a plate or a glass in a fit of temper. This child, having physical strength, broke the chairs and broke the table; infantile in conduct, throwing bottles through the windows, bottles of beer and bottles of soda, which might have caused serious bodily injury to those who passed under those windows, which can only be excused on the basis that it was infantile. On top of that, another infantile act, by force removing the wedding band from the finger of his wife and taking it away, and stealing from the house the phonograph and the tickets for articles that had been pledged; I don't know what for, maybe to supplement what the department of welfare allowed, to make parties possible for a lot of no older children than they are.

The most surprising thing about the whole situation is that this boy was going to school and the school authorities knew he was married, and the school authorities should have known that he could not get married unless there was consent obtained from the court to such marriage. I find no fault with the school authorities because I think it was sensible to keep this boy in school. He might have gotten into more serious trouble than he has now if he had had time on his hands.

I must regard this child as the child he is, and though Mr. Cooper valiantly tried to convey to the court that the boy is adult and the girl is adult and they lived happily, he failed in that valiant effort. His own client and the girl negatived everything he attempted to prove. I commend him for attempting to prove that, but that which is not and cannot be is not.

The marriage between this child and his wife, who is less than eighteen years of age, and apparently herself a child, is voidable. (Domestic Relations Law, § 15-a.) The Legislature was wise in enacting this provision of law and thus affording the opportunity to undo what should never have been done in the first instance.

This child-husband needs retraining. Possibly training from scratch. It is questionable whether he can get that in the community. Indeed, he had not gotten it. A psychiatric study is indicated and necessary before any plan for his rehabilitation can be advised. Such psychiatric study is directed.

I find the boy delinquent. The question now is, what can I do for this boy in order to save him from himself and to prevent him from becoming a menace to the community. If he will, by force, pull the ring off the woman whom he had promised to cherish and love and provide for, I do not know what he would do to some stranger.