BLANCHE MATTURRO, Appellant, v. JOSEPH MATTURRO, Respondent.— In an action for an absolute divorce, plaintiff appeals from a judgment in favor of defendant dismissing the complaint. In 1934, when plaintiff was under the age of sixteen years, a marriage license was procured for the marriage of defendant and plaintiff's sister Helen, who was then over the age of eighteen.

Plaintiff, purporting to be Helen, was married to defendant by a clergyman, pursuant to such license. No fraud was practiced upon either of the parties by the other and they fully intended to become married and live as man and wife, which they did for about nine years, during which time four children were born to them. The trial court found that neither of plaintiff's parents consented to a marriage between plaintiff and defendant and held that the alleged marriage was therefore void *ab initio* under the provisions of section 25 of the Domestic Relations Law. Judgment reversed on the law and the facts, with costs, and the matter remitted to the trial court for such further proceedings as may be necessary to render a proper judgment in favor of plaintiff. Finding of fact numbered "4" made by the trial court is reversed and in its place is substituted a finding as follows: "That the father of the plaintiff consented to the proposed marriage between the plaintiff and the defendant." In our opinion the uncontroverted testimony of the plaintiff sufficiently established that her father had consented to the proposed marriage. It is also our opinion that even lacking any parental consent the marriage was not rendered void by the provisions of section 25 of the Domestic Relations Law, but was voidable only, and has remained valid and subsisting. Nolan, P. J., Carswell, Johnston, Wenzel and Schmidt, JJ., concur.