Jewett, Appellant, *v.* Jewett.

Argued September 19, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Alan Miles Ruben,* for appellant.

*Nelson Romisher,* with him *Harry Aaron Rubin,* for appellee.

OPINION BY MONTGOMERY, J., November 16, 1961:

This is an appeal from an order sustaining defendant's preliminary objection in the nature of a demur-

rer to the second count of a complaint seeking (1) divorce and (2) annulment, and dismissing the second count for annulment.

The parties were married at Elkton, Maryland on November 20, 1952 and subsequently cohabited together in Philadelphia, Pennsylvania from that time until the appellant left their marital abode on March 28, 1961, a period of almost nine years.

The complaint alleged that at the time the marriage was ostensibly contracted the appellant was a minor, and incapable under the laws of Maryland of entering into a valid marriage without his parents' consent; that parental consent was never obtained, although defendant fraudulently made application and was issued a license in Elkton by misrepresenting the appellant's age to the license clerk; and further that appellant was induced to enter into the marriage by reason of the defendant's fraudulent representation to him that he was the father of a child born to the appellee out of wedlock and that the child was critically ill when, in fact, no child was born. Another reason appellant gives for entering into the marriage was appellee's threats to prosecute for fornication and bastardy.

The appellant seeks a decree declaring that the purported marriage had no lawful existence.

The law of the state in which a marriage is celebrated governs the validity of the marriage in regard to the capacity of the parties to enter into the contract of marriage. *Commonwealth v. Custer*, 145 Pa. Superior Ct. 535, 21 A. 2d 524.

It is well settled that if a marriage is invalid under the laws of the state wherein it was celebrated it will not be recognized elsewhere, regardless of the laws of the present domiciliary state or of the forum. *Estate of Richard H. Stull. Appeal of Ada Morehouse*, 183 Pa. 625, 39 A. 16; *Mallon v. Mallon*, 87 Pa. Superior Ct. 42.

Since the marriage in question was celebrated in Elkton, Maryland, its validity must be determined under the laws of that State. Annulment in Maryland is limited to cases of marriage within the prohibited degrees of consanguinity and affinity and to bigamous marriages. 1951 Annotated Code of Maryland, Art. 62, §16.

Chancery Courts in Maryland have assumed jurisdiction to dissolve marriages under the inherent powers of a Court of Equity to set aside contracts for fraud, duress, misrepresentation, and undue influence. *Behr v. Behr,* 181 Md. 422, 30 A. 2d 750; *Corder v. Corder,* 141 Md. 114, 117 A. 119; *Wimbrough v. Wimbrough,* 125 Md. 619, 94 A. 168. However, it appears from these cases that the Maryland Courts of Chancery hold marriages contracted under fraud, duress, etc., are voidable only and not void ab initio.

The Divorce Code of Pennsylvania, Act of July 15, 1935, P. L. 1013, 23 P.S. 12, as amended, provides:

"In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time of the supposed or alleged marriage, or, if, for any other lawful reason, the said supposed or alleged marriage was absolutely void when contracted, such supposed or alleged marriage, may, upon the application of either party, be declared null and void, in accord with the principles and forms hereinafter prescribed for cases of divorce from the bond of matrimony."

It is to be noted that the Act applies only to marriages which are absolutely void and our courts have determined only five grounds for which annulment will be granted: bigamy; insanity; minority under seven years; subsequent marriage to a paramour after a divorce on the ground of adultery; and marriage entered into in jest or play. Although there are no cases in

either jurisdiction exactly on point, under unanimous common law authority, a marriage contract by a minor above seven years is voidable, not void, both in Maryland and Pennsylvania. 35 Am. Jur., Marriage, §103; Sum. Pa. Jur., Domestic Relations, §20; 55 C.J.S., Marriage, §11. Also see *Lannamann v. Lannamann*, 171 Pa. Superior Ct. 147, 89 A. 2d 897.

Therefore the allegations in the present case do not constitute ground for annulment in Maryland or Pennsylvania. In Maryland the proper cause of action would be a Complaint in Equity to set aside the marriage, but the marriage would not be void ab initio or absolutely void as required by our statute.

The appellant, in his complaint, did not set forth a cause of action for annulment and the lower court was correct in sustaining the demurrer.

Order affirmed.