May E. BOBB, Plaintiff,

v.

SECRETARY, DEPARTMENT OF
HEALTH, EDUCATION AND
WELFARE, Defendant.

No. 68 Civ. 4828(MP).

United States District Court,
S. D. New York.

May 14, 1970.

The Legal Aid Society for plaintiff, by Mary B. Tarcher, and Steven M. Bernstein, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., Southern District of New York, for defendant, by Richard S. Rudick, New York City, of counsel.

OPINION

POLLACK, District Judge.

Pursuant to 42 U.S.C. § 405(g), Social Security Act § 205(g), plaintiff appeals to this Court for review of a final determination by the Secretary of Health, Education and Welfare, acting through the Social Security Administration Appeals Council. The Appeals Council found that plaintiff is not entitled to widow's benefits based on the earnings record of Lewis E. Bobb.

The Social Security Act provides that the findings of the Secretary as to any fact shall be conclusive, if supported by substantial evidence. 42 U.S.C. § 405(g), Social Security Act § 205(g). The following facts are not in dispute. Plaintiff challenges the legal conclusions to be drawn from them.

Plaintiff married Lewis E. Bobb in New York on July 2, 1949. At that time, Lewis Bobb's marriage to his second wife had not been terminated. The second wife had sued for divorce in New Jersey, the marital domicile, on June 30, 1949. On that date, the Superior Court, Trenton, entered a decree *nisi* to become

final after expiration of three months (October 1, 1949). Plaintiff and the wage earner lived together in New York until January 1951. One day during that month, plaintiff returned home to find that the wage earner was not there and that he had moved out his belongings. He never returned, and they never again communicated with each other. Lewis Bobb apparently went directly to Pennsylvania where he lived and worked until his death on January 23, 1963. Plaintiff applied for Widow's Insurance Benefits on May 19, 1965.

It is provided in 42 U.S.C. § 416, Social Security Act § 216, that:

> (c) The term "widow" * * * means the *surviving wife of an individual* * * * (h) (1) (A) An applicant *is the wife* * * * of a fully or currently insured individual for purposes of this [title] if the courts of the State in which such insured individual is domiciled at the time such applicant files an application, or, if such insured individual is dead, the courts of the State in which he was domiciled at the time of death * * * would find that such applicant and such insured individual were validly married at the time such applicant files such application or, if such insured individual is dead, at the time he died.

The wage earner died domiciled in Pennsylvania. The Appeals Council correctly found that, in determining the validity of the marriage, Pennsylvania Courts would refer to the law of the state in which the marriage was celebrated (New York) and that New York would find the marriage to have been invalid.

■ In Pennsylvania, the capacity of the parties to enter into the contract of marriage and the resultant validity of such marriage is determined by the law of the state in which the marriage was celebrated. Commonwealth v. Custer, 145 Pa.Super. 535, 21 A.2d 524 (1941). "It is well settled that if a marriage is invalid under the laws of the state wherein it was celebrated it will not be recognized elsewhere, regardless of the laws of the present domiciliary state or of the forum." Jewett v. Jewett, 196 Pa. Super. 305, 175 A.2d 141, 142 (1961).

New York law provides that "[a] marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless * * * [s]uch former marriage has been annulled or has been dissolved for a cause other than adultery of such person." N.Y.Dom.Rel.Law § 6 (McKinney's Consol.Laws, c. 14, 1964).

■ At the time of Lewis Bobb's marriage to plaintiff, his previous wife was still alive and their marriage had neither been annulled nor dissolved. That marriage was not dissolved until October 1, 1949, three months *after* Lewis Bobb married plaintiff. Plaintiff's marriage to Bobb was therefore void.

Although plaintiff and Bobb continued to live together after the legal impediment to their marriage was removed, their marriage did not become valid. "Since the ceremonial marriage * * * took place before [Bobb's] divorce became final and was therefore void * * *, it must be shown [in order to establish a valid marriage] that after all legal impediments had been removed that a valid common law marriage was contracted in New York prior to April 29, 1933 when such marriages were abolished by section 11 of the Domestic Relations Law," Parker v. 36 So. Oxford St., Inc., 28 A.D.2d 1031, 1032, 283 N.Y. S.2d 700, 701 (1967). No such valid marriage was contracted by plaintiff and Lewis Bobb since the legal impediment to their marriage was removed 16 years after common law marriage was abolished in New York.

Plaintiff is not entitled to widow's benefits under the alternative definition of "widow" in 42 U.S.C. § 416(h) (1) (A), Social Security Act § 216(h) (1) (A): if the courts of the state in which the insured individual died would find that plaintiff would have status as a

widow for purposes of the devolution of intestate personal property, plaintiff would be deemed a widow for purposes of the Social Security Act.

■ The Intestate Acts of 1917 and 1947 govern the devolution of intestate personal property in Pennsylvania. A portion of intestate property devolves to the decedent's spouse. 20 Pa.Stat.Ann. § 1.2 (1950). Once again, Pennsylvania would look to New York to determine whether plaintiff was Lewis Bobb's spouse, Commonwealth v. Custer, 145 Pa.Super. 535, 21 A.2d 524 (1941), and, once again, the determination would be that her marriage to Bobb was void and that she did not qualify as a widow under the intestate acts.

The Social Security Act also provides, at 42 U.S.C. § 416(h) (1) (B), Social Security Act § 216(h) (1) (B), that if it can be established that plaintiff in good faith went through a marriage ceremony with the insured individual and that, but for a legal impediment unknown to plaintiff at the time of the ceremony, the marriage would have been valid, plaintiff is entitled to widow's benefits if plaintiff and the insured individual were living in the same household at the time of the insured individual's death.

The Appeals Council correctly found that plaintiff would not qualify for widow's benefits under the above provision. The Council's report states that "even though the applicant may have gone through the marriage ceremony with the wage earner in good faith and without knowledge of the previous undissolved marriage and regardless of the reasons causing their separation, * * * the wage earner and [plaintiff] were not customarily living together in the same place of abode, * * * they were separated permanently and therefore, were not 'living in the same household' ".

The Social Security Regulations define "living in the same household". A husband and wife were "living in the same household" if they customarily lived together as husband and wife in the same place of abode. It is recognized that one of the parties may have been temporarily absent from the household; however, such absence must not have exceeded six months unless there is evidence that the couple reasonably expected to resume physically living together at some time in the reasonably near future. If an absence was not temporary, a couple may not be found to have been "living in the same household". 20 C.F.R. § 404.1112 (1969).

The Appeals Council concluded on the basis of substantial evidence that plaintiff and Lewis E. Bobb were not living together as "living together" is defined in the Social Security Regulations.

■ Plaintiff is not entitled to widow's benefits under any provision of the Social Security Law.

The foregoing shall constitute the findings required by Rule 52(a), Fed.R. Civ.P.

Judgment is therefore granted in favor of the defendant and the complaint is dismissed.

So ordered.