In the Matter of the Petition of WILLIAM W. FAR-
LEY, as State Commissioner of Excise, Appellant, for
an Order Revoking and Canceling a Liquor Tax
Certificate.
CATHERINE CRONIN, Respondent.

Infants — Liquor Tax Law — invalidity of attempted consent
by an infant to issue of a liquor tax certificate and prosecution
of liquor business.

1. Attempted contracts by an infant are incomplete and imper-
fect, and do not become valid and binding except by the act or
failure to act of the infant after he reaches the age of maturity. He
is regarded as not having sufficient capacity to understand and pass
upon questions involving contractual rights, and, therefore, a per-
son dealing with him does so at his peril, and subject to the right of
the infant to avoid his contract when he becomes of age. Nor can
an infant by ordinary methods create an agent who will have
greater powers than he himself possesses.

2. An attempted consent by an infant to the issue of a liquor tax
certificate, and the prosecution of that business (Liquor Tax Law
[Cons. Laws, ch. 34], § 15, subd. 8; amd. L. 1911, ch. 643, § 2),
involves considerations which are in the nature of a property right,
and is subject to the infirmities of infancy which would attach to an
ordinary contract executed by a minor.

3. Distinction pointed out between an act of an infant which only
affects himself and his property and an act like the one involved in
the present proceeding which is of public consequence.

*Matter of Farley*, 161 App. Div. 63, reversed.

(Argued September 28, 1914; decided November 10, 1914.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
April 11, 1914, which reversed an order of Special Term
revoking and canceling a liquor tax certificate.

The facts, so far as material, are stated in the opinion.

*Louis M. King* and *A. M. Sperry* for appellant. The
consents signed by Anna Carroll and Joseph Carroll,
infants, are not valid and binding. (*People* v. *Griesback*,
211 Ill. 35; *Thompson* v. *Egan*, 97 N. W. Rep. 247.) An

infant can neither himself, nor through any power which such infant confers upon another, give consent for the traffic in liquor. (*People* v. *Griesback*, 211 Ill. 35.) The respondent herein has failed to establish by any evidence guardianship of the infants or any sufficient agency or authority to grant consent for the infants. (*McCoy* v. *Forbush*, 104 App. Div. 215.)

*Walter Welch* for respondent. The consents signed by infants are valid and binding. (*Matter of Sherry*, 55 N. Y. Supp. 421; *Matter of Townsend*, 195 N. Y. 214; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *O'Donohue* v. *Smith*, 130 App. Div. 214; *Smith* v. *Ryan*, 191 N. Y. 452.)

HISCOCK, J. Application was made to the deputy commissioner of excise of the county of Onondaga for the transfer to respondent and to new premises of a liquor tax certificate theretofore issued to another person. The transfer was made by the commissioner and later this proceeding was instituted to have such certificate canceled, on the ground that respondent's application for the issue of the certificate to her falsely stated that she had secured the requisite number of consents to the prosecution of said business in the new location.

The Liquor Tax Law (Consol. Laws, ch. 34, section 15, subd. 8, as amended, L. 1911, ch. 643, section 2) provides that "When the nearest entrance to the premises described in said statement as those in which traffic in liquors is to be carried on is within three hundred feet, measured in a straight line, of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be filed simultaneously with said statement (on the application for a certificate) a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by the owner or owners, or by a duly authorized agent or agents of such owner or owners of at least two-thirds of

the total number of such buildings within three hundred feet so occupied as dwellings."

The question whether respondent's statement that she had secured the requisite number of consents of owners of buildings occupied as dwellings within the prescribed limit is true, depends on the further query whether infant owners of such dwellings may give a legal consent. There were one or more dwellings within three hundred feet of the premises where respondent proposed to conduct her liquor business of which infants were owners and consents in the form required by law were obtained from them and filed. If they are valid the respondent had a sufficient number of consents; without them she did not have, and is not entitled to have her certificate and carry on her business.

We do not think that infant owners of property may give a valid consent to the issue of a liquor tax certificate.

At the outset we find in the Liquor Tax Law various provisions which indicate a policy on the part of the state to prevent any relationship between infants and the sale of liquor, which we think are entitled to some consideration in interpreting the particular provision relating to consents.

Section 29 provides in substance that it shall be unlawful to sell, deliver or give away liquor to any minor under the age of eighteen years or to such minor for any other person.

Section 30 provides that it shall not be lawful to permit any minor under such age to sell or serve any liquors or to enter or remain in any bar room where liquors are sold.

Section 21 of said law provides that no person under the age of twenty-one years shall traffic in liquor.

As we read these provisions it would seem to be a fair inference that a legislative policy which prohibited an infant from using, serving or trafficking in liquors did not contemplate that he should be authorized to give a con-

2

sent that some other person might carry on the business.
And in entertaining this view sight is not lost of the
argument made by the learned Appellate Division that
because the legislature expressly prohibited certain acts
such as those mentioned, it may be assumed that it did
not intend to prohibit certain other acts which were not
mentioned such as the right of an infant to give a con-
sent to traffic in liquors by another person. That argu-
ment, however, does not in this case seem to be very
persuasive. The legislature might very well prohibit
the specific acts which have been mentioned and which
without express provision were not unlawful, and rely on
general principles for the proper decision of the question
whether an infant might perform some other act, such as
executing one of the consents required by the statute,
and we, therefore, pass to the consideration on such gen-
eral principles of the question whether an infant ought to
be allowed to give such a consent.

The rule is well understood that attempted contracts by
an infant are incomplete and imperfect, and do not become
valid and binding except by the act or failure to act of
the infant after he reaches the age of maturity. He is
regarded as not having sufficient capacity to understand
and pass upon questions involving contractual rights, and,
therefore, a person dealing with him does so at his peril,
and subject to the right of the infant to avoid his contract
when he becomes of age.

It seems to us that an attempted consent by an infant
to the issue of a liquor tax certificate and the prosecution
of that business involves considerations which are in the
nature of a property right, and is subject to the infirmi-
ties of infancy which would attach to an ordinary con-
tract executed by a minor. It appears to have been
assumed by the legislature that neighboring property
used for dwellings might be affected by opening a saloon,
as we very well know might be the case, and, hence, th
requirement for consents thereto which are to be given,

not by persons dwelling within a certain radius, but by the persons who own property within that radius. If considerations of property rights are involved in giving such a consent it would seem that the act of an infant should be safeguarded in the same way as would be an attempt on his part to sell, lease or mortgage his real estate.

But reverting to the principles governing an ordinary contract by an infant, it is urged that since his contracts are not void but voidable at his election, the same rule should be applied to a consent to the issue of a liquor tax certificate, and that such consent should be held valid until the infant, under proper conditions, disaffirms said act.

There are two answers to this proposition. In the first place, the principle which allows the executed contract of an infant to stand as valid unless the infant shall disaffirm the same after becoming of age is not practically adapted to such an instrument as a consent to the issue of a liquor tax certificate. In many cases at least the office of the certificate would have been completed and any injury flowing from the issue thereof consummated long before the infant would arrive at those years of maturity where the law would regard him as reaching for the first time sound discretion in such a matter.

But the more important objection to this theory rests on the distinction between an act of an infant which only affects himself and his property and an act like that involved in the present proceeding which is also of public consequence. If an infant makes a lease or sale of his real estate it legally touches no one but himself, and if when he becomes of age he chooses to affirm the contract no one should object. But that is not the present case. The People of the state acting within well-defined and established powers have deemed it wise to regulate the traffic in liquor. The Liquor Tax Law with its many provisions is sufficient evidence of the extent to which the legislature has attempted to do this. Amongst other

things it has been deemed wise and very just that the prosecution of this traffic should not be permitted in certain localities occupied by dwelling houses unless a large proportion of the owners of such property are in favor of such traffic. As has already been said, a property owner in consenting to the prosecution of this business performs an act which might be regarded as affecting the value of his own property and in that aspect no one has any interest in the question except himself. But in addition to this, each owner of property within the prescribed limit has an interest in the execution of such a consent by every other property owner. His effective opposition or consent to the prosecution of the business depends on the action of other property owners and he is interested in having such other property owners pass on the question intelligently and wisely. It is a matter of importance to every property owner in the neighborhood and to the people of the community that consents should not be given by persons whom the law regards as deficient in judgment and capacity to act. Every property owner is entitled to have every other property owner within the prescribed radius pass intelligently on the question whether it is best to have a saloon within the proposed area, and of course such intelligent action cannot be secured either presumptively or actually if infants may give such consents. In the present case the infants at the time in question were of the ages respectively of fourteen and ten years. Nobody would claim that they could pass with mature judgment on the question whether a saloon should be located at the proposed spot. Moreover, if these particular infants can execute valid consents there is no reason why still younger children might not perform similar acts until the process of securing consents from property owners where there happened to be infant owners would be made absurd and ridiculous and any benefits anticipated from these provisions in securing a limited form of local option be lost.

While this question of the power of an infant to execute such a consent has not been heretofore decided by this court, authorities found in other states and entitled to great respect adopt the conclusion which we now reach that such power is lacking. (*Thompson* v. *Egan*, 97 N. W. Rep. [Supreme Court of Neb.] 247; *People* v. *Griesback*, 211 Ill. 35.)

The consent in question was not only signed by the infants personally but also by " Martin J. McArdle, agent for " said infants, and it is further urged by the respondent that this latter signature rendered the consent effective under that provision of the statute which authorizes a consent to be executed not only by the owner of premises but also " by his duly authorized agent."

We do not intend to hold that a consent to the issue of a certificate may not be executed on behalf of an infant by a guardian or by some other person authorized in some unusual manner to execute such consent. We simply do not pass on that question as we do not regard it as here presented. It certainly is clear that an infant who cannot himself execute a consent cannot by himself and in any ordinary manner create an agent who will have greater powers than he himself possesses. The evidence makes it fairly apparent that whatever agency for the infants McArdle enjoyed sprang from the fact that he collected rents and managed the property. If there was any other agency or power of representation I think that evidence thereof should have been produced by the respondent, and such agency did not clothe the alleged agent with greater powers in respect of this consent than the infants themselves possessed.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in both courts.

WERNER, CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ:, concur.

Order reversed, etc.