Edward M. Horey, S.
The petition for probate of the last will and testament of Helen U. Peters recites that Susan L. Peters, a granddaughter of the decedent, is an infant of the age of 18 years. The petition prays that process issue to the infant and all other necessary parties to the probate proceedings.
It appears that the subject infant was a recipient of a scholastic foreign scholarship and is currently residing and attending school in Germany.
Prior to her departure, the infant executed a statutory power of attorney in favor of her mother, Janet S. Peters, under the authority of article 5 of the General Obligations Law. The power of attorney includes powers referable to “ estate transactions ” that are set forth in section 5-1502G of the General Obligations Law.
Attorney for the petitioner has complied with the statutory requirements and previous direction of this court and filed the subject power of attorney with the court. (See SCPA 401, subd. 3, par. [b], cl. [i].)
It is urged that the appearance of the infant in proceedings for probate of the will of the decedent may be made under the *663 authority of the power of attorney and the powers contained therein. There is thus raised squarely the question of whether or not an infant may appear in proceedings in Surrogate’s Court through an appointed attorney in fact.
SCPA 103 (subd. 26) continues to define an infant as “ any person under the age of 21 years ”. SCPA 402 provides that such a defined infant may not appear in person in Surrogate’s Court, but only through a guardian of the infant’s property, or through a guardian ad litem appointed by the court. SCPA 707 provides that an infant is ineligible to receive letters of administration, or letters testamentary, or in fact “ any letters ” authorized to be issued by a Surrogate’s Court. SCPA 1713 (subd. 4) provides that an infant over 14 years of age may individually initiate a petition in Surrogate’s Court for the appointment of a guardian ad litem to protect “ the infant’s financial or other interests ”.
Upon the enactment of EPTL, it is now provided that anyone 18 years of age may execute a will disposing of both real and personal property. (EPTL 3-1.1.) In the light of the enactment of this statute it is wholly incongruous to continue to apply the previously cited provisions of our probate law to infants 18 years of age and over. Competency of an 18-year-old to dispose of a million dollars worth of property should be equated with competency of the same individual to receive a $10 legacy. Similarly, maturity of an 18-year-old sufficient to permit him to draft or to retain an attorney to draft testamentary trusts and other complicated dispositive provisions in a will should be maturity sufficient to permit him to provide for the protection of his interest in Surrogate’s Court proceedings individually or by retainer of an attorney.
The inconsistency of provisions relating to minority is not peculiar to the Surrogate’s Court. Recent amendments of the Election Law, judicial determinations on the responsibility of infants as owners and operators of automobiles, the exceptions to the rule relating to minority in the areas of contract (e.g., emancipated minors and contracts for necessaries), all point up the lack of harmony, uncertainty and inconsistency attending this area of the law. The required correlation and correction, however, is a matter for legislative rather than judicial action, for the problems stem primarily from statutory enactments.
On the general topic of rights and limitations of infants to act as a principal in an agency relationship, there appears to be only minimal decisional law in this State. In Snyder v. Sponable (1 Hill 567, 571 [Sup. Ct., State of N. Y., 1841], affd. 7 Hill *664 427), it was stated: ‘ And besides, married women, infants, lunatics, and other persons not sui juris, are not, in general, capable of appointing an agent or attorney ”.
The reporter’s notes to section 20 of the Restatement of the Law of Agency 2d (appendix, p. 78) notes that: “ In the 19th century it was generally held by the courts that an infant could not appoint an agent The quoted statement in Snyder v. Sponable (supra) appears consistent with the reporter’s conclusions. The reporter’s notes continue as follows: “ At the time of the original Restatement, however, the tendency was to hold that he could appoint an agent but that the appointment was voidable ”. (Citing Casey v. Kastel, 237 N. Y. 305; 31 A. L. R. 995 [1924].) The reporter notes no subsequent development of the law of agency referable to infants except in the field of negligence. Here he observes there is a “ wide divergence of American authority ’ ’ borne out of varying consideration of public policy. As to this developing area of the law the reporter states (pp. 78-79): “It is to be noted that the question of whether an infant should be liable for the torts of a servant is a matter distinct from the capacity of an infant to have an agent ’ ’.
To state that an infant may create an agency which is voidable at the option of the infant, in the judgment of this court, is to overstate the current status of the law. This is for the reason that the ability of an infant to create even a voidable agency is subject to the express proviso that the infant must have the capacity to act as a principal.
The capacity to act as a principal in agency is defined in section 20 of the Restatement of Agency 2d as follows: “A person who has capacity to affect his legal relations by giving consent to a delegable act or transaction has capacity to authorize an agent to do such act or to conduct such transaction for him with the same effect as if he were to act in person ”.
Whether a person has capacity to enter into a legal relationship of agency depends upon whether such person has the same power that a normal person would have to enter into such relationship under the same circumstances. (See Restatement, Agency 2d, § 20, comment a.) If a person lacks power to enter into a legal transaction because of a personal characteristic then he is said to lack capacity.
The limitation on capacity to act as a principal appears to be a matter of statute. In comment b to section 20 of the Restatement of Agency 2d. it is stated: “ Aside from statute, there are no special -rules which limit the capacity of persons to become principals ”.
*665 In the instant proceeding a statute is involved. SCPA 402 provides that an infant may not act as a normal person relative to personal appearance in Surrogate’s Court. Because of the characteristic of age. the infant may only appear through a guardian of his property or a guardian ad litem appointed for that purpose.
In Matter of Farley (213 N. Y. 15), the court reviewed the consent of an infant to the establishment of a saloon, made through an attorney in fact. After reviewing the provisions of the Liquor Tax Law and the reason for their enactment the court said (p. 21): “ While this question of the power of an infant to execute such a consent has not been heretofore decided by this court, authorities found in other states and entitled to great respect adopt the conclusion which we now reach that such power is lacking. (Thompson v. Egan, 97 N. W. Rep. [Supreme Court of Neb.] 247; People v. Griesback, 211 Ill. 35.) ”. (Italics added.)
In making its determination the court pointed out that the principle that an infant’s contracts are not void but only voidable was not applicable. The court said this was for two reasons. First, that such principle was not practically adapted to such an instrument as a consent to the issue of a liquor tax certificate ”, and secondly, that there is a “ distinction between an act of an infant which only affects himself and his property and an act * * * which is also of public consequence ” (supra, p. 19). The lack of capacity of the infant to grant the required consent was concededly not expressly stated; it was found to exist, nevertheless, by judicial construction of the statute.
In Wittkugel v. State of New York (5 Misc 2d 886, affd. 5 A D 2d 958), the court reviewed, inter alia, a notice of claim executed by an attorney in fact for the claimant. A power of attorney was attached to this claim. Testimony disclosed that claimant was incompetent at the time the agency was created. Concerning the power of attorney the court said: * ‘ in our opinion, this document, appended to the notice of intention, does not help matters when consideration is given to the dates of its purported execution in the background of the medical testimony herein-above reviewed ”.
In Wood Appeal (167 Pa. Super. Ct. 92) in proceedings for the appointment of a guardian, the court rejected a power of attorney executed by an incompetent woman to others to manage her affairs on the grounds that she lacked capacity to create an agency.
In Turner v. Bondalier (31 Mo. App. 582), a statute provided that an affidavit in a replevin action would be made by the ‘6 plain *666 tiff, Ms agent, or Ms attorney ’ The court held that a court appointed guardian or next friend of an infant was required and that an affidavit made by an agent appointed by infant was ineffective.
The cited cases stand for the proposition that a person may not create an agent who would have greater power than he himself possesses. In the case at bar the decision of this court is that what the infant cannot do herself she cannot appoint another to do. Accordingly, it is held that the power of attorney of the infant is ineffective. She must appear by the persons provided in the statute.
In support of the determination made it is noted that jurisdiction in Surrogate’s Court is acquired only through proper appearance. If it were held that the subject infant’s power of attorney was only voidable and not void then it would follow that jurisdiction would depend upon the whim and caprice of the infant to affirm or reject the appearance made by her agent. Jurisdiction should be certain and not dependent on such cohtingencies and conditions subsequent.
To expedite and facilitate the required proceedings, this court by appropriate order will appoint the attorney in fact nominated by the infant as a designee and guardian ad litem.