■ In the Matter of ERIC J. B. CARL R. et al., Respondents; BRUCE ALLEN B., Appellant. — In an adoption proceeding, the appeal is from an order of the Family Court, Suffolk County (Snellenburg, J.), dated December 9, 1981, which allowed the adoption of the child by the custodial natural mother and her husband over the objection of the appellant natural father. Order affirmed, without costs or disbursements. Appellant and petitioner Erica R. were married on August 12, 1973. On June 25, 1974, Erica gave birth to a son, Eric, the subject of this proceeding. On January 29, 1975, appellant was convicted of murder in the first degree in the State of Florida and was sentenced to imprisonment for life. He is presently incarcerated in Florida. Erica moved to New York with her infant son and on June 12, 1978, obtained a judgment of the Supreme Court, Suffolk County, divorcing her from the appellant. In October, 1980, she remarried. In 1981 she and her present husband petitioned to adopt Eric. The court dispensed with appellant's consent to the adoption pursuant to section 111 (subd 2, par [d]) of the Domestic Relations Law, which allows an adoption without the consent of a natural parent if he or she has been deprived of his or her civil rights pursuant to the Civil Rights Law and those rights have not been restored. Subdivision 1 of section 79-a of the Civil Rights Law takes away the civil rights of one who is serving a sentence of life imprisonment by deeming such person "civilly dead". Appellant first challenges the order of the Family Court granting the petition on the ground that the provision of the Domestic Relations Law dispensing with his consent violates substantive due process. That argument has been unsuccessfully made before in the courts of this State (see, e.g., *Matter of Jonathan E. G.,* 107 Misc 2d 900; *Matter of Anonymous,* 104 Misc 2d 985). Appellant argues that the statute creates an irrebuttable presumption of unfitness which runs afoul of the due process clause of the Fourteenth Amendment to the United States Constitution as interpreted in *Santosky v Kramer* (455 US 745). In that case, the Supreme Court held that permanent neglect by the natural parent had to be proven by clear and convincing evidence before the parent's rights could be terminated under the Social Services Law. It is well established that the State may not arbitrarily interfere in the parent-child relationship. However, where certain situations exist, the natural parent's rights are subordinate to the best interests of the child (*Matter of Ricky Ralph M.,* 56 NY2d 77, 81). While the existence of these situations must be proven by clear and convincing evidence (*Santosky v Kramer, supra*), nothing in the due process clause prohibits the termination of parental rights when the parent is unable or unwilling to care for the child, and adoption is in the child's best interests. Hence, section 111 of the Domestic Relations Law dispenses with the natural parent's consent to an adoption when, *inter alia,* the parent has abandoned the child for more than six months; has surrendered the child to an authorized adoption agency pursuant to section 384 of the Social Services Law; is mentally ill or retarded as defined in subdivision 6 of section 384-b of the Social Services Law and is for the foreseeable future unable to care for the child; or, as in this case, has lost his or her civil rights pursuant to the Civil Rights Law. If due process permits adoption over the natural parent's objection if he or she has abandoned the child for more than six months, it certainly permits adoption when the objecting natural parent is imprisoned for life. Otherwise, the parent's arbitrary veto could prevent the child from ever having a normal family environment and a stable home. We see no merit to appellant's other contentions. Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.