opinion of the court
Lucille Polk Buell, J.
In this proceeding pursuant to CPLR article 78, petitioner seeks to sidestep the forfeiture provisions of section 79-a of the Civil Rights Law by utilizing a novel approach: a proxy marriage performed in Kansas after his incarceration. Petitioner seeks an order annulling respondent’s determination not to recognize petitioner’s proxy marriage as valid for the purpose of participating in the Department of Correctional Services Family Reunion Program, directing respondent to recognize petitioner’s proxy marriage as valid for the purpose of participating in said program and to permit petitioner and his spouse to participate in conjugal visitation under the auspices of the Family Reunion Program.
Respondent moves to dismiss the petition upon the ground that petitioner is incapable of marrying and is *595 civilly dead as he is serving a life sentence of imprisonment (Civil Rights Law, § 79-a) and thus has not satisfied the necessary criteria for participation in the Family Reunion Program.
On March 22, 1984, petitioner, an inmate at Green Haven Correctional Facility, serving a life sentence of imprisonment, executed a “Limited Power of Attorney for Proxy Marriage” appointing one Michael Foster as petitioner’s agent for the purpose of entering into a marriage.
On March 30, 1984, petitioner, through his attorney in fact, married one Laurie Marion in Sedgwick County, Kansas.
Petitioner was informed by letter dated May 18, 1984 from the Southern Area Coordinator of Ministerial and Family Services for the Department of Correctional Services that the department would not recognize the legality of the marriage for the purpose of petitioner’s participation in the Family Reunion Program. Petitioner contends respondent’s decision is arbitrary and capricious.
An individual sentenced to imprisonment for life is deemed to be civilly dead and any marital relationship existing at the time of the sentence is terminated. (Civil Rights Law, § 79-a; see Matter of Eric J.B., 92 AD2d 917; Fuchs v Fuchs, 104 Misc 2d 1143.)
Pursuant to the provisions of section 79-a of the Civil Rights Law, the State may constitutionally prohibit individuals sentenced to life imprisonment to marry. (Johnson v Rockefeller, 365 F Supp 377, affd sub nom. Butler v Wilson, 415 US 953; Matter of Fitzpatrick v Smith, 90 AD2d 974, affd 59 NY2d 916, cert den _ US _, 104 S Ct 399, reh den — US_, 104 S Ct 749; Muessman v Ward, 95 Misc 2d 478.)
Petitioner contends that it is respondent’s obligation to recognize a proxy marriage that is valid in the State where contracted, as valid in New York. Petitioner’s claims are grounded upon the basic premise that he possessed the power to grant an attorney in fact a limited power of attorney to enter into a proxy marriage on petitioner’s behalf.
It is a well-settled tenet of the law of agency, that a principal may only do through an agent those things that *596 he may lawfully do personally. (Restatement, Agency 2d, § 17; 2 NY Jur 2d, Agency, § 17.) The agent is merely the principal’s instrument and the principal acts by and through the agent. (Edwards v Dooley, 120 NY 540; Corcoran v Scolaro, 46 NYS2d 278.)
If an individual lacks the power to enter into some legal relationship, he lacks the capacity to authorize an agent to enter into that legal relationship on the principal’s behalf. (Restatement, Agency 2d, § 20.) An individual may not create an agent who has greater power than the individual himself possesses. (Matter of Peters, 71 Misc 2d 662.)
In the instant case, due to the forfeiture provisions of section 79-a of the Civil Rights Law, petitioner could not lawfully marry, and petitioner could not grant his attorney in fact the power to enter into a marriage, something petitioner could not do himself. Were it otherwise, the broad power of this State to set standards and procedures to control the institution of marriage (see People v Allen, 27 NY2d 108, 113), and the specific interest of this State in imposing a bar upon the marriage of life-term prisoners as an additional punishment for crimes of the most serious nature (see Johnson v Rockefeller, supra; Matter of Fitzpatrick v Smith, supra) could easily be thwarted.
In order to promote the uniformity of decision and to encourage harmony and cooperation among the States, the doctrine of comity represents a State’s voluntary decision to defer to the policy of another. (Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574.) A State in which a proxy marriage is to be conducted involving a New York prisoner serving a life term should first recognize, under the doctrine of comity, that a power of attorney granted by such prisoner for the purpose of entering into a marriage is invalid in New York.
Inasmuch as the power of attorney which formed the basis of petitioner’s proxy marriage in Kansas was a nullity, petitioner’s marriage is void ab initio and invalid for the purpose of participating in the Family Reunion Program. The obligation of this State to recognize a proxy marriage which is considered valid in the State where contracted need not be addressed.
Respondent’s motion to dismiss the petition is granted.