

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2009

# USA v. Roberts

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2228

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Roberts" (2009). *2009 Decisions.* Paper 1471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-2228

———

UNITED STATES OF AMERICA

v.

GEORGE ROBERTS, JR.,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00278-2)
District Judge: Honorable Richard P. Conaboy

———

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before: SCIRICA, Chief Judge, SLOVITER and FISHER, Circuit Judges

(Filed: April 28, 2009)

———

OPINION

———

SLOVITER, <u>Circuit</u> <u>Judge</u>.

The issue presented by the appeal is whether a convicted felon is entitled to the return of his non-contraband, non-subject-to-forfeiture firearms.

Appellant, George Roberts, Jr., who pled guilty to aiding and abetting the unlawful manufacture of a pipe bomb, a felony in violation of 26 U.S.C. § 5861(f) and 18 U.S.C. § 2, appeals from the District Court's order granting the Government's motion for the destruction of firearms seized from Roberts. The District Court had previously denied Roberts' motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g).[1]

Roberts sought the return of ten firearms, assorted ammunition, and miscellaneous tools seized in connection with his arrest. The Government responded that it would return the miscellaneous tools to Roberts' mother but argued that Roberts, as a convicted felon, could not possess the firearms.[2] The District Court denied Roberts' motion, but

---

[1] Federal Rule of Criminal Procedure Rule 41(g) provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion."

[2] Section 922(g)(1) of title 18 provides in pertinent part:

> It shall be unlawful for any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

2

noted that, if it was true, as Roberts had stated, that his father was the owner of the firearms, his father should intervene in any attempt by the Pennsylvania State Police ("PSP") to dispose of the firearms.

The Government then moved for an order authorizing the PSP to destroy the firearms. Roberts opposed the motion, asking that the firearms be returned to his mother, who is not a felon, or, alternatively, that his mother be permitted to sell the firearms and keep the proceeds to benefit his children. The District Court granted the Government's motion authorizing the destruction of the firearms and ammunition. It is that order that is before us. We will affirm.[3]

In *United States v. Felici*, the court, noting that because convicted felons are prohibited from possessing guns, 18 U.S.C. § 922(g), held that they are also barred from constructively possessing firearms by transferring them to a third party. 208 F.3d 667,

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*See also* 18 U.S.C. § 922(d)(1) ("It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing . . . that such person . . . is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.").

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291.

3

670 (8th Cir. 2000) ("Any firearm possession, actual or constructive, by a convicted felon is prohibited by law."). We are persuaded by the *Felici* decision.

The Eleventh Circuit has also so held in *United States v. Howell*, 425 F.3d 971, 977 (11th Cir. 2005). Roberts argues that he was not a convicted felon when he acquired the firearms and thus his possession of them was lawful. The *Howell* court rejected that argument as irrelevant because 18 U.S.C. § 922(g) "was designed to work retroactively, and once an individual becomes a felon, he will be in violation of 18 U.S.C. § 922 if found to be in possession of a firearm. Obviously, the courts cannot participate in a criminal offense by returning firearms to a convicted felon." *Id.; see also United States v. Craig*, 896 F. Supp. 85, 86, 89 (N.D.N.Y. 1995) (rejecting reliance on 18 U.S.C. § 924(d)(1), which provides that seized firearms shall be returned "'to the owner or possessor or to a person delegated by the owner or possessor'" because "an 'individual may not create an agent who has greater power than the individual himself possesses.'" (quoting, respectively, 18 U.S.C. § 924(d)(1) and. *N.Y. Dep't of Corr. Servs.*, 479 N.Y.S.2d 703, 704 (N.Y. Sup. Ct. 1984))).

For the reasons set forth above and by the District Court, we will affirm the order on appeal.