IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2014 Session

## IN RE CHANDLER M.

**Appeal from the Juvenile Court for Franklin County**
**No. 11JV317    Hon. Thomas C. Faris, Judge**

---

**No. M2013-02455-COA-R3-PT - Filed July 21, 2014**

---

D. MICHAEL SWINEY, J., concurring and dissenting.

I concur fully in everything in the majority's decision except the majority's determination that the statutory ground of termination found in Tenn. Code Ann. § 36-1-113(g)(6) was proven by clear and convincing evidence. I believe the language of the statute itself is dispositive:

> (6) The parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court;

Tenn. Code Ann § 36-1-113(g)(6) (Supp. 2013).

The majority interprets this statute to say that if a parent is sentenced even just to one day of confinement and then probation for ten or more years and the child is under eight years old, this statutory ground for termination is met. The majority's position then also must be that if a parent is sentenced not to that one day of confinement but only to the ten years of probation with no sentence of confinement, this statutory ground for termination is not satisfied. I disagree with the majority's interpretation of this statute as I cannot accept that this Draconian distinction was what the General Assembly intended when it enacted Tenn. Code Ann. § 36-1-113(g)(6).

I believe the clear intent of our General Assembly was to provide for grounds for termination of parental rights if a parent is sentenced to ten or more years of confinement and

the child is under eight years of age. To the extent that *In the Matter of: Caleb F.N.P.*, No. M2013-00209-COA-R3-PT, 2013 WL 5783141, 2013 Tenn. App. LEXIS 698 (Tenn. Ct. App. Oct. 25, 2013) supports the majority's position, I likewise disagree with *In the Matter of: Caleb F.N.P.*

I believe the majority's interpretation of this statute is contrary to both the General Assembly's intent and the public policy of this State. As this Court discussed in *In re: The Adoption of J.K.W.*:

> The legislature has expressed as a compelling state interest that minor children not remain permanently in foster care. T.C.A. § 36-1-113.
>
> The appellant [who was sentenced to twenty-five years in prison for second degree murder], by his own acts, has severely diminished, if not nullified, his ability to discharge his role as a proper parent. When the parenting role is not or cannot be fulfilled, under the doctrine of *parens patriae* the State has a "special duty" to fulfill that role. *See [Hawk v. Hawk]*, 855 S.W.2d 573 at 580 (Tenn. 1993). The proper parental role in the life of a child under eight years is crucial to the child's welfare, and there is a compelling need for the State to protect the best interests of the child in this regard. The statute [Tenn. Code Ann. § 36-1-113(g)(6)] properly addresses and furthers that interest. For a parent who is unable or unwilling to care for the child's best interest, a statute that enables the State to terminate parental rights on these grounds does not violate the [due] process clause of the Constitutions. *See In re: [J.]B.*, 92 A.D.2d 917, 460 N.Y.S.2d 133 (1983).

*In re: The Adoption of J.K.W.*, No. E2006-00906-COA-R3-PT, 2007 Tenn. App. LEXIS 32, at **15-16 (Tenn. Ct. App. Jan. 23, 2007), *Rule 11 appl. perm. appeal denied April 30, 2007* (quoting *Worley v. State of Tenn. Dept. of Children's Servs.*, No. 03A01-9708-JV-00366, 1998 Tenn. App. LEXIS 103, at **3-4 (Tenn. Ct. App. Feb. 10, 1998), *no appl. perm. appeal filed*).

With regard to the public policy of this State as to parental terminations, our Supreme Court has stated:

> In fact, the foster care sections of the statutes, which include termination provisions, are prefaced with a statement of purpose and construction which concludes, "if an early return to the care of their parents is not possible, [the child] will be placed in a permanent home at an early date." T.C.A. § 37-2-401(a). And, "[w]hen the interests of a child and those of an adult are in

conflict, such conflict is to be resolved in favor of a child, . . ." *Id*. (c). The first preference is to reunite the family by returning the child to his parents or placing the child with relatives; the second is permanent placement through adoption. T.C.A. § 37-2-403(a)(1).

*State v. Smith*, 785 S.W.2d 336, 338 (Tenn. 1990).

It is important to note that the statutory ground for termination contained in Tenn. Code Ann. § 36-1-113(g)(6) is virtually automatic if there is sufficient proof of the sentencing required by the statute and proof that the child is eight years of age or younger. There is no requirement of willfulness or any other possible defense to this ground for termination if these two elements are proven. While the parent still has the chance to argue best interest of the child, there is no defense to this statutory ground if its two elements are proven.

Furthermore, while it is clear that a parent who is incarcerated is physically unable to parent, it does not follow that a parent who is sentenced to probation is physically unable to parent a child while on probation. Practically, there is a distinction between a parent who has been sentenced to confinement or incarceration for a period of ten years or more and a parent who has been sentenced to a brief period of confinement followed by a period of probation that when combined totals ten years or more. A parent who is incarcerated is physically unable to parent, a parent serving probation is not necessarily physically unable to parent.

The majority's interpretation of the statute does not require that an early return of the child to his or her parent not be possible. In fact, it may well be that the child has never been out of the parent's care if the parent is sentenced to confinement of as little as even one day, for example. Additionally, the majority's interpretation of the statute certainly does not give effect to this State's public policy to attempt to reunite the child and the parent, if feasible, before proceeding to termination.

I do agree with the majority that parental termination under Tenn. Code Ann. § 36-1-113(g)(6) is to be determined by looking at the parent's sentence at the time the sentence is entered. What happens after that date, such as parole, is not relevant to this particular ground. I differ solely from the majority in its interpretation that the sentence of confinement does not have to be for ten or more years but instead may be for as little as one day or perhaps even one hour if the total sentence, including probation, is ten or more years. I believe this interpretation is contrary to the public policy of this State and the intent of our General Assembly in enacting this statute.

I would reverse the Trial Court's finding that the statutory ground for termination

pursuant to Tenn. Code Ann. § 36-1-113(g)(6) was proven by clear and convincing evidence. However, as I concur with the majority that another ground for termination, *i.e.*, Tenn. Code Ann. § 36-1-102(A)(iv), and that it was in the best interest of the child that the parent's rights be terminated were proven by clear and convincing evidence, I concur in the majority's decision to affirm the termination of Father's parental rights[1].

_____

D. MICHAEL SWINEY, JUDGE

---

[1] I respectfully suggest that this issue involving Tenn. Code Ann. § 36-1-113(g)(6) is appropriate for review and final resolution, one way or the other, by our Supreme Court.